## REX BUGGY CO. v. DINNEEN.

It is within the discretion of the trial court to grant a new trial for insufficiency of evidence to justify the verdict, and, where a new trial has been granted, a stronger case is required to secure a reversal than where it has been denied.

An Indiana corporation had an exclusive sales agent in Nebraska, which was in possession of buggies belonging to the principal. The contract of agency expired, and another person who had taken possession of the former agent's warehouse sold the buggies to a resident of South Dakota without the owner's authority. **Held,** that the Indiana corporation after the expiration of the contract of agency was transacting an interstate business so far as the buggies were concerned, and could bring replevin in South Dakota to recover them without complying with Rev. Civ. Code, §§ 883, 885, requiring a foreign corporation before doing business in the state to file with the Secretary of State its articles of incorporation and to appoint a resident agent.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Beadle County. Hon. CHAS. S. WHITING, Judge.

Action by the Rex Buggy Company against Stephen D. Dinneen. There was a verdict for defendant. A new trial was granted, and defendant appeals. Affirmed and remanded for new trial.

*A. W. Wilmarth,* for appellant. *Crawford, Taylor & Fairbank,* for respondent.

McCOY, J. This is an appeal from an order of the circuit court granting a new trial, where a verdict was rendered in favor of defendant. The plaintiff claimed to be the owner of certain buggies stored in the warehouse of Hathaway-Hanson Company at Sioux City, Iowa, and that, while said buggies were so stored, they were wrongfully and without plaintiff's knowledge or consent shipped to South Dakota, and sold to defendant. The defendant contends that he is an innocent purchaser of said buggies for value from an ostensible agent of plaintiff. Immediately upon discovering the whereabouts of said buggies plaintiff brought this action in replevin. The trial resulted in a verdict for defendant. The plaintiff then moved for a new trial upon the fround of the insufficiency of the evidence to sustain the verdict, and a new trial was granted on that ground, the granting of which new trial is now urged as error. It is clearly within the discretion of the trial court to grant a new trial on the ground that the evidence in its opinion

was insufficient to justify a verdict; and, where a new trial has been granted, a stronger case is required to secure a reversal than where it has been denied. Rochford v. Albaugh, 16 S. D. 628, 94 N .W. 701. There is nothing in the record to show that the trial court abused its discretion in granting a new trial.

It is also contended by the appellant that by reason of the fact that plaintiff is a foreign corporation and had not, at the time this action was commenced, complied with the laws of this state requiring the filing of its articles of incorporation and the appointment of a resident agent, plaintiff cannot maintain this action at all, and that any verdict other than one in favor of defendant is not valid, and that, therefore, the trial court erred in granting said new trial, no matter what the evidence was, other than the evidence on the question of foreign corporation. It appears from the record that at the time this suit was commenced plaintiff was a foreign corporation, and had not complied with sections 883, 885, Rev. Civ. Code; that plaintiff is engaged in the manufacture and sale of buggies and vehicles at Connersville, Ind.; that prior to the 1st day of August, 1904, plaintiff and Hathaway-Hanson Company had entered into a written contract whereby Hathaway-Hanson Company became the exclusive sales agent of plaintiff in certain portions of Nebraska and South Dakota in making job lot sales to dealers, all sales to be referred to and approved by plaintiff before making shipment to the dealer. The contract between plaintiff and Hathaway-Hanson Company by the express terms thereof expired on the 31st day of July, 1904. At the time of the expiration of this contract plaintiff had a quantity of buggies and vehicles stored in the warehouse of Hathaway-Hanson Company at Sioux City. During the first part of August following Hathaway-Hanson Company made some disposition of their warehouse and business to one Mentor, who immediately took possession and assumed charge of said warehouse, and that thereafter the said Mentor and one Sears sold the buggies in question to defendant, but without the knowledge or consent of plaintiff. Mentor had prior to the sale of said buggies to defendant tried to make a deal direct with plaintiff whereby he might become authorized to sell, but had failed to make satisfactory arrangements with plaintiff. It is

clear that after the expiration of the Hathaway-Hanson contract plaintiff, so far as the buggies and vehicles in the said warehouse were concerned, was transacting interstate commerce business, and was not amenable to the laws of this state in relation to foreign corporations and had the right to pursue and regain possession of its property by suit without first having complied with the provisions of the statute in relation to foreign corporations. Flint v. McDonald, 21 S. D. 526, 114 N. W. 684, 14 L. R. A. (N. S.) 673; Sucker State Drill Co. v. Wirtz, 115 N. W. 844, 18 L. R. A. (N. S.) 134, and note.

The order appealed from is affirmed, and the case remanded for new trial.

WHITING, J., took no part in this decision.