HINSHAW, ADMINISTRATOR, v. SECURITY TRUST COMPANY, EXECUTOR.

[No. 7,504. Filed January 12, 1911. Rehearing denied and opinion modified May 12, 1911. Transfer denied June 30, 1911.]

1. EXECUTORS AND ADMINISTRATORS.—Claims.—Sufficiency.—Bills and Notes.—A claim against an estate, setting out the fact that decedent owed the claimant two notes for certain amounts, that such notes were secured by certain stock, that certain amounts of interest were endorsed on the backs thereof as paid, but failing to set out such notes or copies thereof as exhibits, is sufficient, when attacked for the first time on appeal, the facts stated being sufficient to bar another action therefor, it appearing in the record that two admittedly genuine notes corresponding in dates and amounts to those described were introduced in evidence without objection. p. 354.

2. APPEAL.—Briefs.—Waiver.—Points not discussed are waived. p. 355.

3. LIMITATION OF ACTIONS.—Bills and Notes.—Notes that appear upon their face to have been due more than ten years preceding the filing of an action thereon are prima facie barred by the statute of limitations. p. 355.

4. BILLS AND NOTES. — Indorsements. — Evidence. — Under §303 Burns 1908, §301 R. S. 1881, providing that "no acknowledgment or promise shall be evidence of a new or continuing contract * * * unless * * * contained in some writing signed by the party to be charged thereby," and §305 Burns 1908, §303 R. S. 1881, providing that "no indorsement * * * of any payment made upon any instrument of writing, by or on behalf of the party to whom the payment shall purport to be made, shall be deemed sufficient to exempt the case from the provisions of this act," evidence of indorsements showing the payment of interest made by the payee of notes is not sufficient to take such notes out of the operation of the statute of limitations. p. 355.

5. EVIDENCE.—Shop-Books.—Accounts.—Appeal.—Original entries in an account book of the payment of interest on notes, made by a deceased payee, are admissible in evidence; and a failure of the court to consider such evidence constitutes reversible error. p. 356.

6. APPEAL.—Transcript.—Judge's Opinion.—Inclusion of.—Effect. —There being no statute requiring a trial judge to give a written opinion on the decision of a case, such opinion though included in the transcript cannot be considered on appeal for any purpose. p. 356.

7. TRIAL.—*Special Findings.—Request.—Appeal.*—A special finding made without a request therefor, will be treated on appeal merely as a general finding. p. 357.

8. APPEAL.—*Consideration of Evidence.—Presumptions.*—On appeal, it will be presumed that the trial court considered all the evidence admitted, the burden of showing otherwise being upon the party complaining thereof. p. 357.

9. BILLS AND NOTES.—*Evidence.— Statute of Limitations.— Advancements.*—In a claim by the personal representative of the deceased payee of notes against the personal representative of the deceased maker thereof, upon such notes, the defenses being the statute of limitations and that the notes merely evidenced an advancement from the payee who was the maker's mother, uncontradicted evidence of the payment of interest thereon within ten years preceding the filing of the action thereon does not require a reversal of judgment for defendant, where there was evidence from which it could properly be found that such notes constituted an advancement. p. 357.

10. EVIDENCE.—*Shop-Book Entries.—Memoranda.—Notes.*—In an action upon notes, evidence of mere memoranda made by the deceased payee, not a part of any original account book, is not admissible in favor of her estate, constituting mere self-serving declarations. p. 358.

11. TRIAL.—*Exclusion of Evidence.—When Harmless.*—The exclusion of evidence upon an issue is harmless where such issue was found in the complaining party's favor. p. 359.

From Probate Court of Marion County (8,956); *Frank B. Ross*, Judge.

Action by Benjamin E. Hinshaw, as administrator *de bonis non*, with the will annexed, of the estate of Eliza J. Gray, deceased, against the Security Trust Company, as executor of the last will of Pierre Gray, deceased. From a judgment for the defendant, plaintiff appeals. *Affirmed.*

*Morton S. Hawkins, Frank B. Jacqua* and *Clarence R. Martin*, for appellant.

*William L. Taylor, Louis B. Ewbank* and *John W. Kern*, for appellee.

LAIRY, J.—This is an appeal from a judgment of the Probate Court of Marion County, founded on a claim filed by appellant against appellee. Appellee is the executor of the

last will and testament of Pierre Gray, and appellant is the administrator *de bonis non* of the estate of Eliza J. Gray, who was the mother of Pierre Gray. The claim filed in favor of the mother's estate was based on two notes, one for $3,000 and one for $1,000, and was in the words and figures as follows: "Estate of Pierre Gray, deceased, to estate of Eliza J. Gray, two notes payable to Eliza J. Gray, for $1,000 and $3,000, respectively, dated April 5, 1897, six per cent interest after date, due one day after date, payable at the Indiana National Bank, of Indianapolis, Indiana." The following notation was on the face of the first note: "Collateral Stock Certificate No. 94, ten shares, First National Bank, Noblesville, Indiana." On the last note was the following: "Collateral Stock Certificate No. 93, fifty shares, First National Bank, Noblesville, Indiana." Three indorsements were on the backs of the notes: "Interest paid on December 24, 1897." "Interest paid on June 24, 1898." "April 24, 1908. Principal and interest due, nine years and four months, $6,240." The claim was properly verified.

To this claim, in addition to the answer that the law puts in, appellee filed an answer in set-off, alleging, in substance, that the estate of Eliza J. Gray, at the time of her death, was indebted to Pierre Gray in the sum of $6,240; that on February 14, 1905, and from that time until the death of Pierre Gray, on December 25, 1907, Eliza J. Gray, Pierre Gray and Bayard Gray were the equal owners in fee simple of a residence property on North Pennsylvania street, in Indianapolis, Indiana, and that Eliza J. Gray resided therein with Pierre Gray and his wife; that a contract was entered into whereby Eliza J. Gray, Pierre Gray and Bayard Gray each was to pay one-third of the expenses of maintaining the property; that after said contract was entered into, Eliza J. Gray continued to live in the residence property, and that all the expenses heretofore referred to were paid by Pierre Gray, amounting in the aggregate to about $2,955; that Eliza

J. Gray never paid the one-third part of said expenses, in accordance with the agreement, and at the time of her death she was indebted in the sum of one-third of the aggregate of said expenses, which appellee asked to have set off against the claim filed by the administrator of the estate of Eliza J. Gray.

The cause was submitted to the court without the intervention of a jury, the evidence was heard, and a general finding rendered against the claimant, and also against appellee on the set-off. A motion for a new trial was filed by the claimant, which was overruled, and judgment was entered in the court below against the estate of Eliza J. Gray on the claim filed by the administrator of her estate, and also against the estate of Pierre Gray on the set-off filed by his executor. From this judgment, the administrator of the estate of Eliza J. Gray appealed to this court.

Appellee has assigned a cross-error, in which he alleges that the claim filed in the court below does not state facts sufficient to constitute a cause of action. The question presented on the cross-error will be considered 1. first, for the reason that if the claim filed is insufficient to sustain a judgment in favor of appellant, the judgment below in favor of appellee must be sustained, regardless of any other question presented. There was no demurrer to the claim filed in the court below, its sufficiency being challenged for the first time by assignment of error in this court. Had the claim been challenged by demurrer, there might have been serious doubts as to its sufficiency, for the reason that no copies of the notes upon which the claim is based are set out in the claim, or filed with it as an exhibit; nor does the claim show affirmatively that said notes were signed by Pierre Gray. The claim, however, is sufficient when attacked for the first time in this court. It appears that two notes signed by Pierre Gray, and corresponding in dates and amounts to those described in said claim, were introduced in evidence at the trial. No objection was made by appellee to

the introduction of this evidence, and the signatures of Pierre Gray to those notes were admitted. It has been decided repeatedly that if the facts stated in a complaint are such that a judgment thereon would bar another action for the same cause, such complaint will be held sufficient when first attacked on appeal.

The only error relied on for reversal is the overruling of the motion for a new trial. This motion is very voluminous, covering fifty pages of the record. In determining,

2. therefore, what rulings of the lower court are relied on for reversal, this court will consider only such questions arising on the motion for a new trial as have been presented and discussed by appellant in his brief. All other questions will be considered as waived.

Before considering any of the questions presented, it is well to state concisely what points were in issue at the trial. Under the issues as formed, any evidence could have been offered that would tend to defeat the claim on any ground, or to prove the set-off pleaded. The evidence, however, was directed to only three questions of fact, namely, the statute of limitations, the question of advancement, and the facts pleaded by way of set-off.

The notes described in the claim and introduced in evidence were due, as disclosed by the notes themselves, more than ten years before the date on which said claim

3. was filed. The notes were, therefore, *prima facie* barred by the statute, but appellant sought to prove that interest had been paid by Pierre Gray on both of said notes within the period of the statute of limitations.

The first question presented by appellant is the alleged failure of the court below to consider certain evidence admitted at the trial. As tending to prove payments on

4. the notes within the period of the statute of limitations, appellant introduced in evidence certain indorsements on the back of each of the notes. These indorsements were in the handwriting of the payee of the notes, and

were not sufficient, of themselves, to take the debt out of the operation of the statute. §§303, 305 Burns 1908, §§301, 303 R. S. 1881.

The court also admitted in evidence, as bearing on this question, a book marked "exhibit 6," pages of which are copied into the record. As disclosed by the record,

5. counsel for appellant, at the time he offered this evidence, stated that the entries in the book were in the handwriting of Eliza J. Gray, and showed interest collected by her upon each of said notes from the year 1899 down to and including the year 1907. It is contended by counsel for appellant that, after admitting this evidence, the court refused to consider it in deciding the case, and that for this reason appellant was deprived of the benefit of material and competent evidence in his behalf, as completely as though the court below had excluded it. If the record shows that the court did not consider this evidence in reaching its decision, this would constitute reversible error, provided, of course, that the evidence was material and, in other respects, proper to be considered.

The question then arises, Does the record show that the court below did not consider the evidence in question? A portion of the record is brought to this court by a

6. writ of certiorari, from which it appears that after the final judgment had been rendered in the court below, a nunc pro tunc entry was made, by which it was sought to embody in the record as a part of the finding and judgment, an opinion of the trial court purporting to have been delivered in writing by the judge of said court at the time the judgment and finding were entered. We are asked to consider this opinion for the purpose of determining what evidence was considered and what evidence was disregarded by the court in reaching a decision. No special finding of facts was requested, and none was made. The law does not require that a trial court shall deliver an opinion in writing. If such an opinion is delivered, it has no

proper place in the record; and, even though such an opinion is copied into the record of the lower court and embodied in the record on appeal, this court cannot consider it for any purpose. Where no request is made by any party

7. for a special finding of facts, a finding of the court, stating a part or all of the facts, will be treated on appeal as a general finding, and the facts specially found will be disregarded. *Northcutt* v. *Buckles* (1878), 60 Ind. 577. The same rule is applicable to a written opinion filed by the trial court, concluding with a general finding. The opinion must be disregarded and the finding treated

8. as a general one. The court is presumed to have considered all the evidence admitted, and as the record does not overcome this presumption, no available error is shown on this point.

It is next contended by appellant that the decision of the court is not sustained by the evidence. It is strongly urged that the evidence bearing on the question of the pay-

9. ment of interest within the period covered by the statute of limitations is uncontradicted, and tends clearly to prove such payments. If no question were in issue other than the statute of limitations, and the decision of the trial court rested solely on that ground, a serious question would be presented as to the sufficiency of the evidence to sustain a decision in favor of appellee on that issue. There was, however, another issue of fact presented to the court below, upon which there is a conflict of evidence. Mrs. Kate Gray, the widow of Pierre Gray, testified that after the death of Isaac P. Gray, his widow, Eliza J. Gray, received from the government a sum of money amounting to eight or nine thousand dollars; that she gave a part of the money to Pierre Gray and a part of it to Bayard Gray; that she said they were not to pay it back; that she also said that it might be a mistake for old people to divide their money with their children, as their children might get tired of taking care of them; that after that time the mother paid no part

of the expenses of maintaining the house. On cross-examination the same witness said that the matter was talked over a number of times, and, about the time the money was turned over, Eliza J. Gray said, in the presence of her sons, Pierre and Bayard, and the witness, that it was never to be paid back.

There was also evidence from which the trial court could infer that the money referred to by this witness in her testimony was the same as that evidenced by the notes in suit, and that the notes were executed as evidence of an advancement and not of a loan. It is true that a note standing alone would authorize the presumption that it was evidence of an indebtedness from the maker to the payee, but this presumption may be rebutted. An advancement of money or other property from a parent to a child, as a general rule, is a question of intention, and this intention may be shown by the declarations of the parent on the subject, made at or near the time when the money or other property was turned over to the child. There is evidence in the record to sustain the judgment of the trial court on this issue. It is not the province of this court to weigh conflicting evidence, and, therefore, we cannot disturb the judgment of the court below, on the ground that the decision is not sustained by the evidence.

Complaint is made of the ruling of the trial court, excluding from evidence exhibits three, four and five. These exhibits, according to the statements made by counsel at the time they were offered, were inventories of the property of Eliza J. Gray. The testimony of Ed S. Jaqua shows that these exhibits are in the handwriting of Eliza J. Gray, but there is no proof as to the time when, or the circumstances under which, these schedules or memoranda were made. An examination of these schedules shows that they were not original accounts between Eliza J. Gray and her son Pierre, in which entries had been made from time to time as the various transactions occurred, but they

appear to be memoranda, made by Eliza J. Gray at some time for her own convenience and as an aid to her memory. Writings and memoranda so made are self-serving in their nature, and have never been considered as competent evidence in favor of the person making them. *Barber's Admr.* v. *Bennett* (1886), 58 Vt. 476; *Harrison's Executors* v. *Cordle* (1853), 22 Ala. 457; *Treadway* v. *Treadway* (1879), 5 Ill. App. 478; *Johnson* v. *Zimmerman* (1908), 42 Ind. App. 165; *Rouyer* v. *Miller* (1896), 16 Ind. App. 519; Elliott, Evidence §§486, 487.

Complaint is also made by appellant of the ruling of the trial court in excluding from the evidence two bank-books of Eliza J. Gray, trustee, in account with Fletcher's 11. Bank, 1895-1908. The statement of counsel, at the time these books were offered in evidence, indicated that they were offered as evidence bearing on the issue tendered by the set-off. As the finding on this issue was in favor of appellant, he could not have been harmed by this ruling.

We find no available error in the record. Judgment affirmed.