[S. F. No. 6240. In Bank.—November 19, 1912.]

JOHN A. CLASSEN and LENA CLASSEN, his Wife, Respondents, v. H. G. THOMAS et al., Appellants.

NEW TRIAL—WRITTEN OPINION OF TRIAL JUDGE—RECORD ON APPEAL. A written opinion of the trial judge filed in determining a motion for a new trial constitutes no part of the record on appeal and cannot operate to limit the effect of the order as actually made.

Id.—Limitation of Grounds of Order must Appear Therein.—Any limitation of the grounds upon which such order is made must, to be effectual, be specified in the order itself.

Id.—Order Entered in Minutes Granting New Trial—Written Opinion Signed and Filed by Judge.—Where there is an order granting a new trial entered upon the minutes of the court, and also a paper signed and filed by the judge stating his reasons for his conclusion that a new trial should be granted, and ending with the words "The motion for a new trial will be granted," the latter paper is simply the written opinion of the judge, and in no sense an order granting a new trial. The order entered in the minutes is the only record of the court's action, and is to be measured by its terms.

MOTION for leave to file as a part of the record on appeal from an order of the Superior Court of Alameda County granting a new trial, a copy of a certain document claimed by the appellant to be the order appealed from. J. D. Murphy, Judge presiding.

The facts are stated in the opinion of the court.

T. C. Coogan, Coogan & O'Connor, J. A. Elston, and Snook & Church, for Appellants.

Mastick & Partridge, and Dudley Kinsell, for Respondents.

THE COURT.—This is a motion by appellants for an order allowing them to file as a part of the record on appeal, what they claim is a certified copy of the order from which their appeal is taken, which is the order granting a new trial in the above entitled action.

The record on appeal does contain a copy of an order made March 25, 1912, granting a new trial, as the same was entered on the minutes of the court, and the order as so entered was simply a general order granting a new trial, without the statement of any reason therefor, or the specification of the grounds upon which the same was based. The paper sought to be filed here as a copy of the order granting a new trial is obviously merely a copy of the signed opinion filed in the lower court by the trial judge in determining the motion for a new trial. It states at considerable length the reasons of the learned judge for his conclusion that a new trial should be

granted and ends with the words "The motion for a new trial will be granted." It is admitted that subsequent to the making of the minute entry of the order granting a new trial, a motion was made in the lower court for the correction of the same so that it would show that the new trial was not granted on the ground of insufficiency of evidence, and that this motion was denied.

It is conceded, as it must be under the decisions, that a written opinion of the trial judge filed in determining a motion for a new trial constitutes no part of the record on appeal and cannot operate to limit the effect of the order as actually made. Any limitation of the grounds upon which the order is made must, to be effectual, be specified in the order itself. We are satisfied that it must be held, under the decisions, that the paper signed and filed by the trial judge was simply a written opinion, and in no sense an order granting a new trial. In both *Newman* v. *Overland Pac. Ry. Co.*, 132 Cal. 73, [64 Pac. 110], and *Ben Lomond Wine Co.* v. *Sladky*, 141 Cal. 619, [75 Pac. 332], the paper signed and filed by the judge purported to order a new trial, the language in the former of these cases being "The motion for a new trial is granted." In such case it was held that where there is an order granting a new trial entered upon the minutes of the court, and also an opinion filed showing the reasons for the granting of the motion, and concluding with the words "The motion for a new trial is granted," the order entered in the minutes is the only record of the court's action, and is to be measured by its terms, and not by the reasons which the court may give for it. (See, also, *Weisser* v. *Southern Pacific Ry. Co.*, 148 Cal. 426, 7 Ann. Cas. 636, 83 Pac. 439].)

The motion is denied.

Beatty, C. J., does not participate in the foregoing decision.