[Civil No. 2369.  Filed February 17, 1926.]

[243 Pac. 598.]

## JOEL H. HUNTSMAN, Appellant, v. THE FIRST NATIONAL BANK OF EL PASO, TEXAS, a Corporation, Appellee.

1. NEW TRIAL—COURT'S ORDER FOR NEW TRIAL HELD CONTROLLING RATHER THAN ORAL OPINION.—Court's order for new trial, though general, *held* controlling; oral statements from bench giving reasons in granting motion not being considered, as they are not part of order.

2. APPEAL AND ERROR—Where order granting motion for new trial was general, it will be affirmed if it could have been granted on any ground assigned.

3. NEW TRIAL.—That verdict was against evidence is ground for new trial, resting in sound discretion of trial court.

4. APPEAL AND ERROR.—Discretion in granting new trial because verdict was against weight of evidence will not be disturbed, unless clear abuse is apparent.

5. APPEAL AND ERROR—NEW TRIAL.—Trial court must set verdict aside if he is satisfied that substantial justice has not been done, but such verdict will not be set aside by appellate court if there is any substantial evidence to support it.

6. NEW TRIAL—WHERE EVIDENCE OF FRAUD WAS CONFLICTING, COURT WAS JUSTIFIED IN EXERCISING DISCRETION IN GRANTING NEW TRIAL.—In suit on note, where evidence conflicted as to fraud in its execution, a condition was presented where there was ground for exercise of trial court's discretion in granting or

---

3.  See 20 R. C. L. 275.
5.  See 20 R. C. L. 275, 276.

refusing new trial on ground verdict was not supported by evidence.

7. APPEAL AND ERROR—COURTS DISCRIMINATE IN FAVOR OF ORDER GRANTING NEW TRIAL, SINCE IT IS NOT FINAL DISPOSITION OF CASE.—Courts discriminate in favor of order granting new trial, since it is not final disposition of case; effect being to open way for reinvestigation of case on its facts and merits.

See (1) 4 C. J., p. 102, n. 41; 15 C. J., p. 967, n. 85; 29 Cyc., p. 1027, n. 70, 74.    (2-4) 4 C. J., p. 662, n. 91; p. 833, n. 57; 29 Cyc., p. 820, n. 35; p. 1009, n. 54.    (5) 4 C. J., p. 853, n. 59; 29 Cyc., p. 823, n. 38; p. 1009, n. 50.    (6) 4 C. J., p. 832, n. 47; 29 Cyc., p. 1008, n. 48; p. 1009, n. 54.    (7) 4 C. J., p. 832, n. 47.

APPEAL from an order of the Superior Court of the County of Pima. George R. Darnell, Judge. Order affirmed.

Mr. Elwood B. Frawley, for Appellant.

Messrs. Curley & Pattee, for Appellee.

ROSS, J.—This is an appeal by the defendant from an order granting the plaintiff a new trial. The action was brought to collect a promissory note given to plaintiff by defendant and others. The defendant in his answer admitted its execution, but claimed that it was without consideration as far as he was concerned; that it was usurious, and that his signature thereto was obtained by plaintiff through fraud and deceit. The case was tried before a jury upon the last issue; the other two issues being by the court held to be without any support in the evidence. The grounds of the motion for new trial were various in number, but, since the order vacating and setting aside the verdict and judgment was general, we cannot determine therefrom the particular reason for the court's action. The court's order is as follows:

"The motion of plaintiff herein for new trial having been heretofore argued and submitted to the court

for consideration and decision, . . . and the court being now fully advised in the premises, it is ordered that said motion for new trial be granted."

Notwithstanding the general nature of this order, defendant in his assignments of error assumes that it was granted by the court because: (1) The evidence was not sufficient to warrant submitting the case to the jury; (2) because of material error in the record; and (3) because the only evidence upon which a verdict could be supported was hearsay. He predicates his contention that the order is specific and not general upon certain oral statements made and reasons given by the court from the bench in granting the motion for a new trial. We think, however, that the court's order, and not its oral opinion, stenographically reported, is controlling. The statute does not require the court to give its reasons, either orally or in writing, for granting the motion for a new trial. As was said in *Hinshaw* v. *Security Trust Co.,* 48 Ind. App. 351, 93 N. E. 567:

"The law does not require that a trial court shall deliver his opinion in writing. If such an opinion is delivered, it has no proper place in the record; and, even though such an opinion is copied into the record of the lower court and afterward embodied in the record on appeal, this court cannot consider it for any purpose."

See, also, 4 C. J. 102, § 1708; *Deatsch* v. *Fairfield,* 27 Ariz. 387, 38 A. L. R. 651, 233 Pac. 887; *Brown* v. *Peterson,* 27 Ariz. 418, 233 Pac. 895.

In reason, the opinion of the court in granting a motion for a new trial is no part of the court's order. In *Classen* v. *Thomas,* 164 Cal. 196, 128 Pac. 329, the court said:

"It is conceded, as it must be under the decisions, that a written opinion of the trial judge filed in determining a motion for a new trial constitutes no part

of the record on appeal and cannot operate to limit the effect of the order as actually made. Any limitation of the grounds upon which the order is made must, to be effectual, be specified in the order itself. . . . Where there is an order granting a new trial entered upon the minutes of the court, and also an opinion filed showing the reasons for the granting of the motion, and concluding with the words 'the motion for a new trial is granted,' the order entered in the minutes is the only record of the court's action, and is to be measured by its terms, and not by the reasons which the court may give for it.''

See, also, *Morgan* v. *Robinson* Co., 157 Cal. 348, 107 Pac. 695, in which it is said:

''There is, therefore, no merit in the appellant's contention that we are here to treat that opinion as declaring the views of the trial judge on the question of the sufficiency of the evidence. We must look solely to the bill of exceptions and to the order granting a new trial, and if that order might properly have been granted upon the ground that the evidence on any material issue was not sufficient to sustain the verdict, the order must be affirmed.''

The rule is that where an order granting a motion for a new trial is general in its terms, it will be affirmed if it could properly have been granted on any of the grounds assigned. One of the grounds of the motion was that the evidence did not justify the verdict. That this presented a ground resting in the sound discretion of the trial court is well settled. The generally approved rule is stated in 20 R. C. L. 275, section 57, as follows:

''Whether or not a new trial should be granted for the reason that the verdict is against the weight of the evidence is a question peculiarly within the sound legal discretion of the trial judge, who has the advantage of seeing the witnesses, of hearing their testimony orally delivered, and of observing their demeanor and conduct upon the stand. Hence the

exercise of such discretion will not be disturbed on appeal unless a clear abuse thereof is apparent."

In *Holloway* v. *Savage,* 68 Wash. 614, 123 Pac. 1021, quoting from *Snider* v. *Washington Water Power Co.,* 66 Wash. 598, 120 Pac. 88, the rule is stated as follows:

"We have held by an unbroken line of decisions that a motion for a new trial is necessarily addressed to the sound discretion of the trial court, and when the motion has been granted for insufficiency of evidence the order will not be disturbed unless the evidence is undisputed or the discretion has been clearly, and as said in one case, grossly abused. 'A motion for a new trial is addressed to the sound discretion of the court and will not be interfered with on appeal unless it is manifest that the discretion vested in the court was grossly abused.' "

The rule followed in this court, and appellate courts generally, should not be confused with the rule applicable to trial courts. The distinction of the rule in the two cases is stated in *Gate City Nat. Bank* v. *Boyer,* 161 Mo. App. 143, 142 S. W. 487, as follows:

"It is hardly necessary for an appellate court to say that when a trial is had before a jury their verdict will not be set aside if there is any substantial evidence, or if two different conclusions could reasonably be drawn from the evidence. But the rules governing trial courts in reviewing verdicts because not supported by sufficient evidence are not the same as those governing the appellate court. The trial courts may weigh the evidence, and, if they think injustice has been done, should grant a new trial. It is their duty to supervise the verdict of the jury and grant a new trial if the verdict in the opinion of the court is against the weight of the evidence, or if it is arbitrary and manifestly or clearly wrong, or if it appears to be the result of passion, prejudice or misconduct of the jury. The granting of a new trial on the ground that the verdict is against the weight of

the evidence is exclusively within the province of the trial court and the appellate court will only look into the record to see if there is any substantial evidence to support the verdict; and unless it is shown that the discretion of the trial court was abused, the appellate court is powerless to interfere."

If after a full consideration of the case the trial court was satisfied that the verdict was not supported by the evidence, and that substantial justice had not been done between the parties, it was its duty, in the exercise of a sound discretion, to set the verdict aside. *Clark* v. *Great Northern R. Co.*, 37 Wash. 537, 2 Ann. Cas. 760, 79 Pac. 1108; *McMahon* v. *Rhode Island Co.*, 32 R. I. 237, Ann. Cas. 1912D, 1223, and note, 78 Atl. 1012.

The fraud set out in defendant's answer, succinctly stated, was about as follows: On December 29, 1916, one Bannell, of El Paso, Texas, was the owner of fifty per cent of the capital stock of the El Paso Overland Automobile Company, a Texas corporation doing business at El Paso, and in complete control thereof. On said date he was organizing to take over the assets of such corporation, and, to succeed it, another corporation, to wit, the El Paso Overland Company, also a Texas corporation. On said date the plaintiff bank (or, rather, its predecessor in interest, to whose rights plaintiff succeeded) entered into a secret fraudulent agreement with Bannell, whereby the said bank agreed to enter on its books a false and simulated credit in favor of the El Paso Overland Company of $40,000, for the sole purpose of enabling Bannell to represent to others that such credit was a *bona fide* asset of such company. At the time, the El Paso Overland Automobile Company and Bannell were jointly indebted to the plaintiff bank in the sum of $13,900. In pursuance of such agreement, on January 2, 1917, the simulated and false credit was

entered on the bank's books, and remained there until after defendant bought stock in the Overland Company, to wit, May 12, 1917. On or about December 29, 1916, Bannell, in order to qualify said corporation under the Texas laws to secure a charter, made an affidavit that the capital stock of $40,000 was fully paid in to said company in United States currency. January 4, 1917, Bannell wired defendant that he had incorporated for $40,000, fully paid up. Between January 4th and May 12th defendant and Bannell had numerous conversations, wherein the latter sought to have defendant purchase stock in said Overland Company, and wherein Bannell represented to defendant that said company had available as cash the sum of $40,000; such representation being based upon the false and simulated entry of such credit. At no time between December 29, 1916, and May 12, 1917, did either of said automobile companies have in cash or *bona fide* bank credits as much as $800. That defendant had confidence in Bannell and gave full faith and credence to his statements, and because thereof, on May 12, 1917, bought 180 shares of the capital stock of the Overland Company, paying therefor $15,000 cash. That plaintiff bank knew defendant was contemplating the purchase of said stock, and knew all the above facts as to the manner of the Overland Company's obtaining its charter, and, notwithstanding, failed to disclose or reveal any of such matters or things to defendant, although it was its duty to do so. That defendant, besides paying $15,000 for 180 shares of the capital stock of said Overland Company, agreed with Bannell and another stockholder in the El Paso Overland Automobile Company to assume an indebtedness of the latter company and Bannell to the plaintiff bank of $13,900, and signed a note in favor of the bank for that amount, and that the note sued on herein represents a balance of such note.

It is admitted that there was no direct testimony that the bank knew Bannell was using the credit appearing on the books of the plaintiff bank in favor of the Overland Company to induce defendant to purchase stock, or to assume the indebtedness of $13,900 to plaintiff. In fact, the officer of the bank through whom the credit of $40,000 was obtained stated that it was a *bona fide* transaction; that the loan was made upon the personal note of one J. U. Sweeney, J. Quade, and Bannell, and that Sweeney was of recognized financial standing—ample security for such loan; that the credit was at all times subject to be withdrawn or checked out.

There is much strong circumstantial evidence tending to contradict this testimony, which evidently convinced the jury that the bank credit of $40,000 was false and simulated and made for the purposes charged. It is not necessary to set out the testimony indicating what the circumstances were, because their only effect was to give rise to a conflict of evidence, or of inferences to be drawn from the evidence. Where such a condition presents itself, under the authorities we have cited, there is present a ground for the exercise of the trial court's discretion as to whether he will grant or refuse a new trial. As was said in *Mercantile Trust Co.* v. *Sunset Road Oil Co.,* 176 Cal. 451, 168 Pac. 1033:

"It is not within the province of this court on appeal to say which of two opposing inferences, both within the bounds of reason, should have been taken by the trial court. Conflicting inferences, if reasonable, stand upon the same plane as conflicting evidence. In deciding a motion for a new trial the court below has large discretionary power. Its order either denying or granting such motion will not be reversed on appeal unless an abuse of discretion appears. In considering the evidence upon such motion that court has power to draw inferences from the evi-

dence opposed to those which were drawn by it upon the trial, provided they are not unreasonable. The order granting the motion for a new trial was general in its terms. It did not specify the reasons upon which the motion was granted. This court must uphold the order if any ground upon which it might have been granted is supoprted by the record. We are, therefore, bound to assume that the court, upon its last consideration of the evidence, believed that the inferences in favor of the Kern Valley Bank should prevail, rather than those against it, and we' cannot say that this was an abuse of discretion.''

The order granting a new trial is not a final disposition of the case, and for that reason the courts discriminate in favor of such orders, the effect being to open the way for a reinvestigation of· the entire case upon its facts and merits. *Rex Buggy Co.* v. *Dinneen,* 23 S. D. 474, 122 N. W. 433; *Kavanaugh* v. *Nestler,* 45 N. D. 376, 177 N. W. 647.

Not being satisfied that the court abused its discretion in granting a new trial, the order is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.