[Civil No. 2461.    Filed October 5, 1926.]

[249 Pac. 549.]

## A. C. JORDAN and J. W. GRAY, Appellants, v. THE E. G. CARUTHERS STATE BANK, a Corporation, Appellee.

1. APPEAL AND ERROR.—Unless abuse of discretion affirmatively appears, it must be assumed that trial court properly granted new trial on ground that evidence did not justify verdict, where order does not specify ground.

2. NEW TRIAL.—In action against accommodation parties to note, grant of new trial to plaintiff after verdict for defendants *held* not abuse of discretion, in view of conflict in evidence.

3. NEW TRIAL.—In matter of granting new trial on ground that verdict is not justified by evidence, trial court has a discretion not granted to appellate tribunals.

4. NEW TRIAL.—Under Civil Code of 1913, paragraph 584, trial court granting new trial on ground that evidence does not justify verdict is not required to so state in its order.

---

See (1–3) 4 **C. J.**, p. 102, n. 41, p. 785, n. 92; 29 **Cyc.**, p. 827, n. 45, p. 1009, n. 54.    (4) 29 **Cyc.**, p. 1027, n. 70; 36 **Cyc.**, p. 1157, n. 91.

APPEAL from a judgment of the Superior Court of the County of Yuma.    Fred L. Ingraham, Judge. Affirmed.

Mr. A. J. Eddy, for Appellants.

Mr. William H. Westover, for Appellee.

LOCKWOOD, J.—This is an appeal from an order entered in the superior court of Yuma county, Arizona, on May 1st, 1925, granting plaintiff's motion for a new trial.    The action below was commenced by the E. G. Caruthers State Bank, a corporation,

---

1.    See 2 **Cal. Jur.** 890.

3.    See 20 **Cal. Jur.** 27, 110–113; 20 **R. C. L.** 275.

4.    See 20 **Cal. Jur.** 196.

hereinafter called plaintiff, to collect the balance
due on a certain promissory note. H. T. Riley and
C. H. Hartman were the principal makers thereof,
John N. Merritt being the original payee, and the
note was also signed by A. C. Jordan and J. W. Gray,
hereinafter called defendants, as accommodation par-
ties. Riley and Hartman were not served, and the
complaint was dismissed as to them, but proceeded to
trial as against defendants Jordan and Gray. These
latter set up as a defense that they signed the note
without consideration and at the request of and for
the accommodation of the payee named therein,
John N. Merritt, and that plaintiff had notice thereof,
and the further defense that, prior to the time the
note was negotiated to the bank, defendants had
revoked the same and refused to be bound thereby,
and that plaintiff had knowledge of such revocation.

The case was tried before a jury, which returned
a verdict in favor of defendants. Judgment was
duly rendered, and plaintiff filed its motion for a
new trial, which reads in substance as follows:

"Motion for New Trial.

"Now comes the plaintiff above named and moves
the court for a new trial in said cause on the follow-
ing grounds:

" (1) Errors in law occurring at the trial and dur-
ing the progress thereof.

" (2) That the verdict and judgment is not justi-
fied by the evidence and is contrary to law."

The matter was taken under advisement, and on
the first day of May the court filed a written opinion
discussing the motion, specifying the particular rea-
son why it should be granted, and closing the opinion
with the following language:

"It appears that the phase of the case above em-
phasized was not properly presented to the jury, and
that from this viewpoint the plaintiff has not had

a fair trial.    The motion for a new trial is therefore allowed.''

The minute entry made reads as follows:

"Friday, May 1st, 1925.
''(Title of court and cause.)
''The court having plaintiff's motion for a new trial under advisement and now being fully advised in the premises, files herein its opinion, and it is ordered that the motion for new trial be allowed.''

From this order defendants have appealed.

The principles to be applied in an appeal of this nature were laid down by us very recently in the case of *Huntsman* v. *First Nat. Bank of El Paso,* 29 Ariz. 574, 243 Pac. 598.    Therein we state:

"The grounds of the motion for new trial were various in number, but, since the order vacating and setting aside the verdict and judgment was general, we cannot determine therefrom the particular reason for the court's action.    The court's order is as follows: 'The motion of plaintiff herein for new trial having been heretofore argued and submitted to the court for consideration and decision, . . . and the court being now fully advised in the premises, it is ordered that said motion for new trial be granted.'

"Notwithstanding the general nature of this order, defendant in his assignments of error assumes that it was granted by the court because: (1) The evidence was not sufficient to warrant submitting the case to the jury; (2) because of material error in the record; and (3) because the only evidence upon which a verdict could be supported was hearsay.    He predicates his contention that the order is specific and not general upon certain oral statements made and reasons given by the court from the bench in granting the motion for a new trial.    We think, however, that the court's order, and not its oral opinion, stenographically reported, is controlling.    The statute does not require the court to give its reasons, either orally or in writing, for granting the motion for a new trial.    As was said in *Hinshaw* v. *Security Trust·Co.*, 48 Ind. App. 351, 93 N. E. 567: 'The law

does not require that a trial court shall deliver his opinion in writing. If such an opinion is delivered, it has no proper place in the record; and, even though such an opinion is copied into the record of the lower court and afterward embodied in the record on appeal, this court cannot consider it for any purpose.'

"See, also, 4 C. J. 102, § 1708; *Deatsch* v. *Fairfield,* 27 Ariz. 387, 38 A. L. R. 651, 233 Pac. 887; *Brown* v. *Peterson,* 27 Ariz. 418, 233 Pac. 895.

"In reason, the opinion of the court in granting a motion for a new trial is no part of the court's order. In *Classen* v. *Thomas,* 164 Cal. 196, 128 Pac. 329, the court said: 'It is conceded, as it must be under the decisions, that a written opinion of the trial judge filed in determining a motion for a new trial constitutes no part of the record on appeal and cannot operate to limit the effect of the order as actually made. Any limitation of the grounds upon which the order is made must, to be effectual, be specified in the order itself. . . . Where there is an order granting a new trial entered upon the minutes of the court, and also an opinion filed showing the reasons for the granting of the motion, and concluding with the words "the motion for a new trial is granted," the order entered in the minutes is the only record of the court's action, and is to be measured by its terms, and not by the reasons which the court may give for it.'

"See, also, *Morgan* v. *Robinson,* 157 Cal. 348, 107 Pac. 695, in which it is said: 'There is, therefore, no merit in the appellant's contention that we are here to treat that opinion as declaring the views of the trial judge on the question of the sufficiency of the evidence. We must look solely to the bill of exceptions and to the order granting a new trial, and if that order might properly have been granted upon the ground that the evidence on any material issue was not sufficient to sustain the verdict, the order must be affirmed.'

"The rule is that where an order granting a motion for a new trial is general in its terms, it will be affirmed if it could properly have been granted on any of the grounds assigned. One of the grounds of

the motion was that the evidence did not justify the verdict. That this presented a ground resting in the sound discretion of the trial court is well settled. The generally approved rule is stated in 20 R. C. L. 275, § 57, as follows: 'Whether or not a new trial should be granted for the reason that the verdict is against the weight of the evidence is a question peculiarly within the sound legal discretion of the trial judge, who has the advantage of seeing the witnesses, of hearing their testimony orally delivered, and of observing their demeanor and conduct upon the stand. Hence the exercise of such discretion will not be disturbed on appeal unless a clear abuse thereof is apparent.' "

It will be seen that one of the grounds of the motion for a new trial was that the evidence did not justify the verdict. Unless it appears affirmatively that the trial court abused its discretion in this particular, we must assume it was properly granted on this ground. We have examined carefully the testimony set up in the abstract of record. It appears to us therefrom that there is a sharp conflict of evidence bearing on the point of whether or not the plaintiff was a holder in due course for value of the note in question. If it was, of course the defenses set up would not have been available as against it. Under circumstances of this kind the trial court has a discretion not granted to appellate tribunals, and, as was stated by us in *Huntsman* v. *First Nat. Bank, supra:*

"If after a full consideration of the case the trial court was satisfied that the verdict was not supported by the evidence, and that substantial justice had not been done between the parties, it was its duty, in the exercise of a sound discretion, to set the verdict aside. [Citing cases.]"

Appellant urges that since paragraph 584, Revised Statutes of Arizona of 1913 (Civil Code), governing new trials, is taken from Minnesota, we should follow

the construction placed by the courts of that state thereon, and since the rule in Minnesota provides that if the lower court within its discretion grants a motion for a new trial on account of the evidence being insufficient, the court must so state in the order; that, since the order herein does not so state, we must presume, following the Minnesota decisions, the lower court did not exercise a proper discretion, and cites, in support thereof, *Fitger et al.* v. *Guthrie,* 89 Minn. 330, 94 N. W. 888.

The rule in Minnesota is now and since 1901 has been apparently as stated by counsel. In the case cited, however, the court refers expressly to chapter 46, page 51, General Laws of 1901, saying that it is provided therein:

"That when a new trial is granted by the trial court it shall not be presumed, on appeal, that it was based upon the ground that the verdict was not justified by the evidence, unless expressly so stated in the order granting it, or in a memorandum attached thereto. . . . "

And the court further stated that prior to the passage of this act the rule was as laid down on this point in *Huntsman* v. *First Nat. Bank, supra.* It does not appear that our statute is similar to that of Minnesota in the provision referred to, and therefore decisions of that state on the question are not in point.

For the reasons above stated, the order of the trial court is affirmed.

McALISTER, C. J., and ROSS, J., concur.