[Civil No. 3718. Filed December 14, 1936.]

[63 Pac. (2d) 193.]

SOUTHERN ARIZONA FREIGHT LINES, LTD., a Corporation, and E. B. MORRISON, Appellants, v. BUD JACKSON, Appellee.

Messrs. Sloan, McKesson & Scott, for Appellants.

Messrs. Cox & Moore, for Appellee.

LOCKWOOD, C. J.—This is an appeal by Southern Arizona Freight Lines, Limited, a corporation, and E. B. Morrison, hereinafter called defendants, from an order of the Superior Court of Maricopa County granting to Bud Jackson, hereinafter called plaintiff, a new trial, in an action brought by plaintiff against defendants, wherein the jury rendered a verdict in favor of the latter.

The issues presented to us are purely legal, and the facts on which they are based may be stated as follows: Plaintiff brought suit against defendants to recover damages for personal injuries which he alleged he received on account of the negligence of defendant Morrison, who was in the employ of the defendant corporation. The case was tried to a jury, which returned a verdict in favor of the defendants, and thereafter plaintiff moved for a new trial. The court was apparently in considerable doubt as to whether the new trial should be granted, for it made various orders in regard thereto, but finally, nearly nine months after the motion was made, it was granted, and from this order the appeal was taken.

The formal motion for new trial was based upon the following grounds:

"(1) The court erred in its instructions to the jury.

"(2) The defendant E. B. Morrison wilfully introduced false testimony in the cause.

"(3) Misconduct of the attorney for the defendants.

"(4) Misconduct of the jury."

 The plaintiff, as required by the rules of court, specified fully the points which he wished to present under the motion. The court, however, in granting it, in no manner indicated upon which grounds it was granted, and we are left to conjecture on that point. It is, of course, the rule in this jurisdiction that, when there are several grounds set up in a motion for new trial and the motion is granted without the court indicating upon which grounds its action is based, if any of the reasons stated in the motion be legally sufficient, we must presume the court acted for such reasons. *Huntsman* v. *First Nat. Bank*, 29 Ariz. 574, 243 Pac. 598; *Young Mines Co., Ltd.*, v. *Citizens' State Bank*, 37 Ariz. 521, 296 Pac. 247. It is also the law that the granting of a new trial is, to a very great extent discretionary with the trial court, and an appellate court is much more reluctant about disturbing an order granting than one denying a new trial. This discretion, however, although broad, is a legal and not an arbitrary discretion, and must be exercised in a legal manner. *Sharpensteen* v. *Sanguinetti*, 33 Ariz. 110, 262 Pac. 609; *Southern Pac. Co.* v. *Shults*, 37 Ariz. 142, 290 Pac. 152. It is therefore necessary for the appellant in a case like this to take up each ground set forth in the motion and show that no one of them justifies the action of the trial court. A new trial should be granted only when the trial court believes that there has been some error in the conduct of the original trial which, in all probability, has affected the verdict. If, therefore, it appears clearly from the record that there was no error in any of the matters presented by the motion for new trial, it would be an abuse of discretion for the court to grant it, and the court, in considering the motion, can consider only the grounds set forth therein, and we must presume that it acted upon one of such grounds. *Southwest Hay*

*etc. Co.* v. *Young,* 21 Ariz. 405, 189 Pac. 244; § 3848, Rev. Code 1928; 46 C. J. 317, and notes.

■■ We consider, therefore, the various alleged errors raised by the motion for new trial. Except in cases where the motion is based on the ground that the verdict is contrary to the weight of the evidence, in determining whether prejudicial error was committed, for of course it is only that kind of error which would justify the granting of a new trial, we think the best way to approach the case is to assume that the appeal was taken from a judgment in favor of defendants, and then ask ourself, Does the motion for new trial point out any errors which would require us to reverse such a judgment? We consider first the alleged erroneous instructions. It is the rule in this jurisdiction that instructions must be considered as a whole, and that a case will not be reversed when the alleged error is predicated on an isolated part of the instructions, unless it appears that the questioned instruction, when considered in connection with all the instructions in the case, was calculated to mislead the jury as to the law. *Quong Yu* v. *Territory,* 12 Ariz. 183, 100 Pac. 462; *Macias* v. *State,* 39 Ariz. 303, 6 Pac. (2d) 423.

■■ The first objection to the instructions is that the court told the jury that the burden was on the plaintiff to prove, by a preponderance of the evidence, every material allegation of his complaint which was denied by defendants, but did not explain to the jury just which allegations were material. The instruction is, of course, a stock one, assumed for years to be correct, nor does plaintiff claim that it was wrong of itself, but rather that the court did not make it complete by pointing out which allegations were material and which were not. It is a sufficient reply to this to state that the record shows that the court, after completing its instructions, asked counsel whether they desired any further instructions, and that none were

requested. We have held that, if counsel wish to have any instructions made more explicit or enlarged upon, unless there is a request made to that effect, it is not error for the court to fail to enlarge the instruction of its own motion. *Kinman* v. *Grousky,* 46 Ariz. 191, 49 Pac. (2d) 624.

The next alleged error is that the court instructed the jury it was necessary for the plaintiff to sustain his burden of proof to the satisfaction of the jury, when the only burden of proof necessary is by a preponderance of the evidence. The court gave careful and elaborate instructions upon this point, and we are satisfied that, when taken as a whole, no jury could have been misled thereby. The jury was told that the plaintiff must prove his case by a preponderance of the evidence, and then the court fully explained what was meant by that phrase. We find no error in this particular.

The third objection is that the court instructed the jury that the plaintiff must prove every material allegation of his complaint, when all that was required of the plaintiff was that he prove sufficient of the allegations to show negligence on the part of the defendants. We think this instruction falls under the rule set forth under the first objection. The court pointed out the different allegations of negligence, and then told the jury, in substance, that, if it appeared that the defendants were negligent in any respect, the plaintiff could recover. We think, in the absence of a request for further instructions, this was sufficient, for no reasonably intelligent jury could imagine for a minute that it was necessary, in order for the plaintiff to recover, that he prove all four of the alleged acts of negligence occurred.

The fifth objection is that the court, by its instructions, submitted the issue of contributory negligence to the jury when it was not pleaded by the defendants.

We find the court instructed the jury on the subject of *sole* negligence, but nothing appears which even suggests the issue of *contributory* negligence. Examining all of the instructions singly and together, we find they present, perhaps to an unusual degree, an accurate and clear statement of the law governing actions of this nature, and are satisfied the jury could have been in no way misled as to their duty thereby. If the motion was granted upon the basis of erroneous instructions, the court was in error.

 The next ground for the motion is that the defendant Morrison wilfully introduced false testimony in the case. The facts on which this objection was based are as follows: That plaintiff was injured by his body coming into contact with a truck driven by defendant Morrison is not disputed. The real issue was as to whether Morrison was driving the truck in a negligent manner, or whether plaintiff was so negligent that his conduct was the sole cause of the accident. In the course of the trial, plaintiff's counsel was questioning defendant Morrison, as a witness under the statute, and went into an elaborate examination as to the construction, appearance, and manner of operation of the truck. After this had continued for some time, defendants' counsel suggested that the truck and its equipment were available for inspection, if it was desired. Thereupon counsel for plaintiff said, ''May we have the privilege of allowing the jury to go down—you will have it up here close, will you?'' and counsel for defendants said that the truck would be available the next morning. Nothing was said to Morrison in regard to the present condition of the truck, or whether it was in the same condition as when the accident occurred. The jury was permitted by the court to go down and view the truck the next morning. Several days thereafter, when defendant Morrison was again upon the stand,

he was asked by counsel for plaintiff, "The tractor part of this, that is the front part of it, I am not speaking of the trailer or semi-trailer, is it the same as you were driving on the road down there that day?" to which Morrison promptly answered, "No sir, it isn't." This was the first time that anyone had ever suggested anything in regard to the truck being in the same condition as it was before the accident, and the first time that Morrison had been asked anything about it, when he promptly disclosed the true facts, which were as follows: The truck in question is what is known as a semi-trailer. In trucks of this construction, the engine and cab run on four wheels and can operate independently of the body of the truck, or semi-trailer as it is called, in which freight or goods are placed. This body is attached to the cab and engine part of the truck by what is known as a fifth wheel, or a pivot, so arranged that the truck can turn on a much shorter radius than if it were a rigid structure from end to end. It is the undisputed evidence that it was this same trailer part of the truck, and not the engine nor cab part, which came into collision with plaintiff's body, and it appears that the trailer viewed by the jury was the identical one involved in the collision. We certainly cannot see the shadow of a suspicion that defendant Morrison introduced false testimony in the case. If the motion for new trial was granted upon this ground, it was clearly erroneous.

The third ground for the motion is alleged misconduct of the attorney for defendants. Apparently this is based on four points. The first is that counsel for the defendants stated, in his opening statement that plaintiff was drunk at the time of the accident, when he knew he could make no such proof. The opening statement appears in the reporter's transcript, and the only thing which at all approaches the

alleged statement was that defendant's counsel said he would show that "Mr. Jackson was under the influence of intoxicating liquor and that his breath reeked with liquor," and we think the record presents ample evidence on this point from which the jury might have assumed that this statement was absolutely and literally true. In fact, the verdict of the jury would lead to the conclusion that it is very likely that it did reach such a conclusion. We can see nothing in this authorizing a new trial.

The second allegation of misconduct is that counsel for the defendants, in his opening statement, said he would prove the plaintiff had syphilis. The only approach to such language in the opening statement is the following: "We will show, gentlemen of the jury, that Mr. Jackson has lived a pretty fast life." There was objection made at this point, and the court ruled that such a thing would only be material in so far as it might bear on the cause of his condition at the time of trial. If it appeared at the time of the trial, and the record shows there was considerable evidence to that effect, that the plaintiff was in very bad health and that he attributed his condition to the accident, obviously the cause of that bad health was a material issue. The record shows that, even assuming his condition to be exactly what he said, the condition of health to which he testified was in some respects such as sometimes arises from a person leading what is commonly characterized as a "fast life." Whether such was the cause of his condition or whether it was the shock of being struck by the trailer was, of course, for the jury to say. It cannot, however, be error for defendants to offer a possible explanation of the cause of the physical condition of the plaintiff when that cause is one of the material issues of the case. Nowhere in the opening statement do we find any reference by defendants to syphilis or

salvarsan. The way this matter got into the record was that plaintiff was asked by his own counsel whether he had ever had any venereal diseases, before the matter was ever raised by defendants, and thereafter defendants offered evidence which would tend to contradict the plaintiff on that point. It is true that this evidence on behalf of defendants was ruled out by the court, but it is certainly not error for counsel to offer evidence contradicting some offered and admitted on behalf of the opposite party, regardless of what the court may later hold in regard to its admissibility.

The last alleged misconduct is that counsel for defendants stated to the jury that the court, by a technical ruling, had kept out evidence which would have shown plaintiff's true condition. There is nothing in the record which sustains the claim that such a statement was made or that, if made, there was any objection made by counsel for plaintiff, or a request that the jury be instructed to disregard it. Even admitting that such a remark, if made, would have been misconduct, it was not such misconduct that it could not have been cured by the proper action of the court, and, since there is nothing appearing in the motion for new trial even suggesting that the court was asked to admonish the jury, we think it is insufficient to justify the granting of a new trial. Parties may not sit by and allow error which is not fundamental to be committed, without protesting and asking the trial court to correct the error at the time, and then later, when the judgment goes against them, ask for a new trial on that ground.

So far as the fourth ground, to wit, misconduct of the jury, is concerned, there is nothing in the motion to call to our attention what the misconduct consisted of, nor in the argument was anything of that nature pointed out. We assume, therefore, that,

under the rule, this ground of the motion was abandoned.

It thus appears, after taking up each ground for new trial presented in plaintiff's motion and considering it carefully, that there is not one which would have justified a court in reversing the judgment rendered in the case, or even suggesting that the case was not tried fairly and impartially. If, therefore, the trial court granted the motion for new trial on any of the grounds set forth in the motion, it did both itself and the defendants an injustice, the first by concluding that any of its actions or rulings complained of constituted prejudicial error, and the second by subjecting the defendants to the annoyance and expense of another trial when there had been no misconduct on their part and when the jury had returned a verdict in their favor in the first trial.

But, it may be urged, there may be other grounds not set forth in the motion on which the court may have made the order. It is true that, under the common law, a court might grant a new trial of its own motion, even though an application on other grounds had been made by a party and was pending. 46 C. J. 283, 284, and cases cited. But we think, even when a motion for new trial is granted upon this ground, the court in so doing must exercise a legal, and not an arbitrary, discretion. We further think, as a matter of justice to the opposite party and to the appellate court, that when the court does act *sua sponte* it is only fair that it should indicate, both before it rules and in the ruling itself, the ground upon which the new trial is ordered. If it does not do the first, the aggrieved party is unable to know the particular point the court is considering, and therefore cannot meet the issue. It might well be that, if the point in the court's mind were called to the party's attention, he would be able to convince that tribunal that a new trial was

improper, while, if he is given no knowledge of the point the court is considering, he has no chance to make the attempt. In the same manner, if there is nothing in the record when the case comes before us on appeal to indicate the ground upon which the order is made, we are placed under the necessity of reading each and every word of the record from beginning to end, and even then must speculate as to what the court probably had in its mind at the time it made the order. Such a rule would not be fair, either to litigants or the appellate court. We hold, therefore, that, while it is not necessary, when a motion for new trial is made on specified grounds, for the court to indicate which particular ground it acted upon, for in such cases the litigants and appellate court know just what they have to consider, when the court acts on its own motion upon some ground not contained in the motion for new trial, it is its duty to indicate the ground upon which it is proceeding, in time that the parties may be heard thereon, and the record must in some manner show these grounds so that we may determine whether its discretion has been abused. In the present case, no such showing appears anywhere in the record. We are therefore compelled to hold that the trial court erred in granting the motion for new trial, either upon the grounds set forth in plaintiff's motion or *sua sponte*.

The order granting a new trial is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

McALISTER and ROSS, JJ., concur.