240 P.2d 548

ZEVON v. TENNEBAUM.

No. 5366.

Supreme Court of Arizona.

Feb. 4, 1952.

Shimmel, Hill & Hill, of Phoenix, for appellant.

Abbott H. Goldenkoff and Herbert B. Finn, both of Phoenix, for appellee.

STANFORD, Justice.

Rudolf Tennebaum, appellee, hereinafter styled plaintiff, brough this action in the superior court against William Zevon, d. b. a. Monarch Linoleum & Appliance Company, appellant, hereinafter called defendant. Plaintiff allegedly sustained personal injuries as a result of defendant's negligence and prayed for damages. The trial jury rendered verdict in favor of the defendant, whereupon the plaintiff made a motion for a new trial, which was granted. The defendant now appeals from the ruling granting plaintiff's motion.

On August 9, 1948, plaintiff went to defendant's store to purchase some asphalt tile. He told the salesman he wanted the five cent block and wanted it laid, whereupon the salesman quoted plaintiff an estimate of the cost. That evening a Mr. Carl Lundberg, a tile layer, was sent to plaintiff's house by defendant's salesman. Lundberg spent about a half an hour at plaintiff's

house taking measurements. The following morning Mr. Lundberg came again to plaintiff's house and started to work laying the tile. To facilitate his work he disconnected the gas appliances and then later on reconnected them. At about five o'clock in the afternoon and while Lundberg was kneeling down lighting a blowtorch, an explosion occurred in which plaintiff suffered injury. Testimony was introduced to the effect that the explosion was caused by an accumulation of liquefied petroleum gas on the floor. Plaintiff contends that Lundberg was negligent in disconnecting and reconnecting the gas appliances thereby allowing the gas to escape into the room. Lundberg is not a defendant in the case, plaintiff contending that he was the employee, servant or agent of the defendant and was acting within the scope of his authority. The defendant introduced testimony attempting to prove that Lundberg was an independent contractor and not an employee, agent or servant of the defendant.

Plaintiff's motion for new trial was based upon several grounds, one of which was: 6. That the verdict of the jury was not justified by the evidence and is contrary to law. The court granted the motion but did not state upon which of the grounds it was granted.

The defendant relies on eight assignments of error to support his contention that the court erred in its order setting aside the verdict of the jury and the judgment and granting plaintiff's motion for a new trial. For the purposes of this appeal we need only consider defendant's assignment of error which questions the sixth ground of plaintiff's motion for new trial, namely, that the verdict of the jury was not justified by the evidence and is contrary to law.

It is the rule in this jurisdiction that when there are several grounds set up in a motion for new trial and the motion is granted without the court indicating upon which grounds its action is based, if any of the reasons stated in the motion be legally sufficient, we must presume the court acted for such reasons. Huntsman v. First Nat. Bank, 29 Ariz. 574, 243 P. 598; Young Mines Co., Ltd., v. Citizens' State Bk., 37 Ariz. 521, 296 P. 247; Southern Arizona Freight Lines v. Jackson, 48 Ariz. 509, 63 P.2d 193. It is also the law that the granting of a new trial is to a very great extent discretionary with the trial court. This discretion, however, although broad, is a legal and not an arbitrary discretion, and must be exercised in a legal manner. Sharpensteen v. Sanguinetti, 33 Ariz. 110, 262 P. 609; Southern Pac. Co. v. Shults, 37 Ariz. 142, 290 P. 152; Southern Arizona Freight Lines v. Jackson, supra. It is necessary, therefore, for the appellant in a case like this to take up each ground set forth in the motion and show that no one of them justifies the action of the trial court. Southern Arizona Freight Lines v. Jackson, supra.

This court has set forth on numerous occasions that it will not undertake to

reverse a trial court where the evidence is conflicting. In Brownell v. Freedman, 39 Ariz. 385, 6 P.2d 1115, 1116, the court said: "It must be remembered that a very different rule applies to the setting aside of a verdict by the trial court on the ground that it is contrary to the weight of the evidence and to the same action taken by this court. We have invariably held that this court will not disturb a verdict on the ground that it is contrary to the weight of the evidence. On the other hand, we have held with equal emphasis that it is not only the right of the trial court to set it aside under such circumstances, but that it is its duty, and we have even gone so far as to express our regret that trial courts did not more courageously and frequently exercise their prerogative in this respect. Dennis v. Stukey, 37 Ariz. 299, 294 P. 276. The trial judge, so far as this duty is concerned, sits as a thirteenth juror, and he, as well as the jury, must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside, and his discretion can no more be questioned by us, except for an abuse thereof, when he uses it in favor of setting aside a verdict, than when he exercises it in an opposite manner and refuses to take such action."

In Sadler v. Arizona Flour Mills Co., 58 Ariz. 486, 121 P.2d 412, 413, the court said: "The granting of a new trial is different from an order refusing a new trial, for in the former the rights of the parties are never finally disposed of as in the latter they may be. The courts accordingly are more liberal in sustaining an order for new trial than where it is denied. * * * We have quite definitely taken the stand that we will not reverse the trial court for granting a new trial where the evidence is conflicting."

In Huntsman v. First Nat. Bank, supra [29 Ariz. 574, 243 P. 599], the court said: "The rule is that where an order granting a motion for a new trial is general in its terms, it will be affirmed if it could properly have been granted on any of the grounds assigned. One of the grounds of the motion was that the evidence did not justify the verdict. That this presented a ground resting in the sound discretion of the trial court is well settled."

A study of the evidence leads us to believe that the trial court might well have concluded that the verdict was contrary to the evidence in that the evidence reasonably preponderates in favor of the proposition that the presence of the liberated gas was due to the negligence of the tile setter and was the result of his acts performed at a *time* when he was the employee of defendant, or an independent contractor without notice to plaintiff. Defendant cannot escape liability on the theory that the negligent acts, if any, were the acts of an independent contractor procured by him to lay the title. The rule in this respect is that "One who employs an independent contractor to perform the services for another

which are accepted in the reasonable belief that the services are rendered by the employer or his servants, is subject to liability for bodily harm caused by the negligence of the contractor in supplying such services to the same extent as though the employer were supplying them himself or by his servants." Restatement·of Torts, Sec. 429.

We cannot affirmatively say that the discretion vested in the trial court was abused and accordingly the order granting the new trial is affirmed.

UDALL, C. J., and PHELPS, STANFORD, DE CONCINI and LA PRADE, JJ., concur.