[Civil No. 3529. Filed September 30, 1935.]

[49 Pac. (2d) 624.]

BERTHA S. KINMAN, an Individual, and BERTHA S. KINMAN, as Guardian of the Estates of Thelma Illena Sample and John S. Sample, Minors, Appellants, v. E. GROUSKY, Appellee.

Mr. Harold J. Janson, for Appellants.

Mr. Herman Lewkowitz and Mr. J. B. Zaversack, for Appellee.

LOCKWOOD, C. J.—E. Grousky, hereinafter called plaintiff, brought suit against Bertha S. Kinman, an individual, and Bertha S. Kinman, as guardian of the estates of Thelma Illena Sample and John S. Sample, minors, hereinafter called defendants, to recover the value of certain property of his which he alleged had been converted by defendants. Defendants answered admitting that they were in possession of the property which plaintiff alleged they had converted, but claiming that they held it as security for rent by virtue of a landlord's lien. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $500, and this appeal was taken.

There are two assignments of error, which read as follows:

"Assignment of Error No. I.
"The Court erred in its instructions to the jury in ignoring defendant's claim of a landlord's lien in her answer as well as in her cross-complaint; that is, the Court merely off-set the claim for damages against the claim for rent, though the claim of landlord's lien was an issue raised by the pleadings and the evidence.

"Assignment of Error No. II.
"The Court erred in not instructing the jury that plaintiff could not maintain his action for trover or damages based upon implied contract unless and un-

til he had made a tender of the amount of the lien or indebtedness for rent.''

It will be seen that the appeal is predicated solely upon the failure of the court to give certain instructions which defendants claimed should have been given, and not upon the giving of any erroneous instructions as to the law. We have held in *Southwest Cotton Co.* v. *Ryan,* 22 Ariz. 520, 199 Pac. 124, that it is the duty of the trial court to charge on all the vital issues made by the pleadings and contested in the evidence, although not requested by either party to do so, but have modified that holding later in the case of *Southwest Cotton Co.* v. *Clements,* 25 Ariz. 124, 213 Pac. 1005, by stating that it was only when the court totally failed to instruct upon an issue which must be determined by the jury in order to sustain the judgment that a failure to instruct was reversible error, and that it was not its duty of its own motion to take notice of all questions directly or collaterally involved in the trial of the case and to instruct the jury thereon.

It appeared, however, that frequently in the trial of cases counsel would deliberately refrain from calling to the attention of the trial court the necessity of instructing on certain phases of a case, even when the court, after disposing of all requested instructions and having, as it thought, covered all vital issues involved, specifically asked counsel if other or further instructions were desired, apparently in the hope that if they failed to win the case on its merits before the jury, they had an ''ace in the hole'' which would secure a reversal on appeal and a second bite at the cherry through a new trial. This practice was obviously unfair to a busy trial judge and certainly not in furtherance of justice and the determination of cases on their merits.

On May 15, 1932, the Uniform Rules for the Superior Courts of the state of Arizona were adopted by this court. These rules have the effect of statutes so far as they are applicable to any case, and any violation thereof has the same effect as the violation of a statute. In order to meet the situation above referred to we included in the rules subdivision (4) of rule V, which reads as follows:

"(4) Instructions desired by any party shall be presented to the court before the latter has commenced to instruct the jury, with a notation under each instruction of any authorities relied upon to sustain it. The parties shall be deemed to have waived the necessity of any instructions except those requested as above."

Under this rule, if a party does not request instructions upon any phase of the case, he is deemed to have waived the necessity of an instruction being given thereon. This is but fair to the trial judge, for counsel are in a far better position to know their theory of the case and the principles of law which are necessary to be stated to the jury in order that the latter may render a proper verdict than is the judge. It is not in the interest of justice that counsel may be permitted to sit idly by and either deliberately or carelessly allow the trial judge to fail to call the attention of the jury to the law covering every possible theory of the case and then, after a verdict has been returned, to object, not that the trial court has misstated the law, but that it overlooked discussing some particular phase of it. The transcript of evidence shows that in this case the trial judge went beyond the strict requirements of the rule and asked counsel if they had any special instructions which they desired given to the jury. Counsel for plaintiff specifically stated that he had none, while counsel for the defendants, so far as the

record shows, refrained from making any answer to the question of the court. Whether this was done deliberately or because counsel did not then realize the necessity of instructions on the omitted point does not affect the rule or its application.

We are of the opinion that on the record, even though it would have been reversible error to refuse to give instructions of the nature set forth in the assignments of error under subdivision (4) of rule V, *supra,* defendants waived any right to take advantage on appeal of the failure of the court to give instructions upon that phase of the case. For the foregoing reasons, the judgment of the superior court of Maricopa county is affirmed.

McALISTER and ROSS, JJ., concur.