[Civil No. 2944.   Filed February 10, 1931.]

[295 Pac. 973.]

ALVIN STUKEY and J. H. WILLIAMS, Appellants, v. ANNIE STEPHENS, Administratrix of the Estate of W. B. STEPHENS, Deceased, ROSCOE STEPHENS, RAY STEPHENS and DICK STEPHENS, Appellees.

Mr. Louis L. Wallace and Mr. John A. Ellis, for Appellants.

Mr. C. G. Dolman, Mr. E. Elmo Bollinger, and Mr. E. S. Clark, for Appellees.

LOCKWOOD, J.—W. B. Stephens, Roscoe Stephens, Ray Stephens and Dick Stephens, hereinafter called plaintiffs, brought suit against Alvin Stukey and J. H. Williams, hereinafter called defendants, for an injunction restraining and enjoining defendants from grazing or herding or watering their livestock upon certain property named in the amended complaint. The case was tried to the court without a jury, and findings of fact and conclusions of law were made and judgment rendered thereon against defendant Williams, and from the judgment rendered and the order denying the motion for a new trial he has appealed.

There are some sixteen assignments of error, many of which contain several subdivisions, but we think we need consider only one in determining whether or not the judgment should be affirmed. It is that the court erred in denying defendants a jury trial.

Under the law of Arizona either party to any litigation in the superior court is entitled as a matter of right and not discretion to a jury trial. *Brown* v. *Greer,* 16 Ariz. 215, 141 Pac. 841. This applies in equity as well as in law cases, and the fact that at present the verdict of the jury in an equity case is merely advisory does not change the rule. *Brown* v. *Greer, supra; Donahue* v. *Babbitt,* 26 Ariz. 542, 227 Pac. 995. While the court need not heed the advice of the jury, it must harken to it. *Security Trust & Sav. Bank* v. *McClure,* 29 Ariz. 325, 241 Pac. 515; *Light* v. *Chandler Imp. Co.,* 33 Ariz. 101, 59 A. L. R. 107, 261 Pac. 969. This right, however, may be waived, and we have held that unless it is demanded seasonably such failure is equivalent to a waiver of a jury. *Jenkins* v. *Skelton,* 21 Ariz. 663, 192 Pac. 249; *Mounce* v. *Wightman,* 30 Ariz. 45, 44 A. L. R. 754, 243 Pac. 916. With these principles of law before us, let us examine the record to determine whether the court erred in refusing defendants a jury trial.

On examining the judgment-roll, we find that on the seventh day of April, 1928, and before the case was at issue, the following written request was duly filed in the superior court:

"Come now the Plaintiffs and request a jury trial in the above entitled action.

"CLARK & CLARK,
"C. G. DOLMAN,
"Attorneys for Plaintiffs."

It does not appear from the record that any further reference was made to the question as to whether or not the case should be tried by a jury until the matter came up on the second day of April, 1929, for trial. Some preliminary law questions were first determined by the trial judge then present, after which the following conversation took place between counsel and the court:

"Mr. Wallace: At this time owing to the fact that I guess both plaintiffs and defendants desired a jury trial of this case I ask that the case be set down for trial as the first disqualified case on the next jury calendar.

"The Court: I understood from the record that this case has been set down for today.

"Mr. Wallace: May it please your Honor, *the plaintiffs demanded a jury trial in this matter.*

"Mr. Clark: I do not know anything about that. We have never been served with that.

"Mr. Bollinger: This was brought up at the call of the calender last month, and it was stipulated that it be set down for trial at this time. The question was about the selection of a judge.

"The Court: Bring in your docket, Mr. Clerk.

"Mr. Wallace: I think I was present when the question came up as to the appointment of a judge.

"Mr. Clark: There was no objection. The issue was settled by the Amended Complaint. That went to the original Complaint, and there has been no demand made for a jury by anybody that we know of since the issues in this case was settled. The old motion that is referred to is a year old and applied to the case at this—

"Mr. Wallace: *We have relied upon that, your Honor.* . . .

"The Court: What does your record show?

"Mr. Clerk: March 11th, 1929, Civil Cause No. 2640, it is ordered that the record show the name of E. Elmo Bollinger be entered as associate counsel and it is ordered that said Cause be set for trial.

"The Court: I deny the request for a jury. You may proceed." (Italics ours.)

The case was then tried before the court sitting without a jury.

We are of the opinion this was error. Section 3802, Revised Code of 1928, reads as follows:

"3802. Setting for trial; demand for jury. On such days as may be fixed by the court, the court shall set all causes at issue for trial, unless by agreement or for good cause shown, the setting be postponed.

*A jury may be demanded by either party in writing, filed with the clerk before the action is set,* or may be demanded orally in open court at the time of the setting. If not so demanded the right to trial by jury is waived, and the action shall be tried by the court, unless the court shall otherwise order.'' (Italics ours.)

It appears the demand for a jury was properly made in the case at bar. Nor was it ever waived by either party, so far as the record shows, unless the statements of counsel for plaintiffs in the conversation above quoted amounts to such a waiver. It is apparent that defendants relied upon plaintiffs' written demand for a jury, filed in the case, and for that reason made no formal demand of their own.

We are of the opinion they were justified in so doing. With the demand of plaintiffs filed as it was, a further demand on the part of defendants would have been useless, and the law does not require a futile act. When one party has made a demand for a jury, we are of the opinion the other party may rely on such demand, and is relieved of the necessity of making one for himself. And if, at a later date, the party making the original demand desires to waive it, the opposing party, no matter when the waiver occurs, has then the right to determine whether he will agree to a trial before the court, or insist upon a jury trial. Any other rule would be highly inequitable, and productive of fraud. *Brewster-Greene* v. *Robinson,* 34 Ariz. 547, 273 Pac. 538. The trial court erred in denying defendants a jury trial under the circumstances, as they were entitled to it as a matter of right.

The judgment of the superior court of Mohave county is reversed and the case remanded for a new trial.

McALISTER, C. J., and ROSS, J., concur.