[Civil No. 4508. Filed December 14, 1942.]

[132 Pac. (2d) 431.]

MILDRED A. BROOKS, Appellant, v. MARION B. BROOKS, Appellee.

Messrs. Struckmeyer & Struckmeyer, for Appellant.

Messrs. Lewkowitz & Wein, for Appellee.

LOCKWOOD, C. J.—Mildred A. Brooks, plaintiff, brought suit against Marion B. Brooks, defendant, for separate maintenance under the provisions of section 27–815, Arizona Code 1939, which reads so far as material as follows:

*"When wife may apply for—No bar to divorce.—* When the husband wilfully deserts or abandons the wife, or upon any cause for an absolute divorce, the wife may maintain in the superior court an action against the husband for the permanent separate maintenance and support of herself, or of herself and children. . . . "

Plaintiff asked for a jury, which request was granted, and the case came regularly on for trial. After plaintiff had completed her evidence, defendant moved that the jury be discharged and that judgment be rendered in favor of defendant. This motion was granted by the court in the following language:

"The defendant's motion to dismiss the jury from the further consideration of the case is granted. Defendant's motion for judgment on failure to establish the allegations of the complaint is granted. The jury having been discharged, the plaintiff having rested her case, it is further ordered that plaintiff be denied the relief sought, and defendant have judgment not only on the ground that plaintiff has failed to corroborate her case, but upon the further ground that plaintiff's case is deemed by the court insufficient to put the defendant upon any proof."

and the case was brought before us on appeal.

There are three errors assigned. The first is that the court erred in withdrawing the case from the jury; the second that it erred in holding plaintiff's case not sufficient to put the defendant on proof; and the third in requiring corroboratory evidence.

■ It is urged by plaintiff that while an action for separate maintenance is equitable and the verdict of a jury in such a case may be disregarded by the trial court, the case may not be withdrawn from the jury. We have had a similar question before us in several cases. *Security Trust & Savings Bank* v. *McClure,* 29 Ariz. 325, 241 Pac. 515; *Light* v. *Chandler Imp. Co.,* 33 Ariz. 101, 261 Pac. 969, 57 A. L. R. 107; *Ainsworth* v. *National Bank,* 33 Ariz. 466, 266 Pac. 8;

*Stukey* v. *Stephens,* 37 Ariz. 514, 295 Pac. 973; *Rundle* v. *Winters,* 38 Ariz. 239, 298 Pac. 929; *Stephens* v. *White,* 46 Ariz. 426, 51 Pac. (2d) 921; *Greer* v. *Goesling,* 54 Ariz. 488, 97 Pac. (2d) 218.

There is some difference in the language of these cases as to the circumstances under which a jury may be discharged in an equity case, but they all agree that when there is no controverted issue of fact, it is proper for the court to discharge the jury and render judgment in accordance with the facts as shown by the evidence, and it is clear that it was this rule the court followed in its action.

The question then is, was the evidence offered in behalf of plaintiff of such a nature, taking it in the strongest manner against defendant, that she was entitled as a matter of law to a decree of separate maintenance in her favor.

We have examined the transcript of evidence and are satisfied that it showed a situation very similar in essence to that appearing in *Sneed* v. *Sneed,* 14 Ariz. 17, 123 Pac. 312, 40 L. R. A. (N. S.) 99, and that assuming that every fact testified to by plaintiff was true, it was not error for the court to refuse separate maintenance to her. Such being the case, it was undoubtedly correct for it to discharge the jury and render judgment as it did. For this reason, it is unnecessary for us to consider the other assignment of error.

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.