399 P.2d 122

**PACIFIC GUANO COMPANY, a corporation, Appellant,**

v.

**PINAL COUNTY LAND COMPANY, a corporation, Appellee.**

**No. 2 CA–CIV 14.**

Court of Appeals of Arizona.

Feb. 16, 1965.

Jennings, Strouss, Salmon & Trask, by Roderic M. Jennings, Phoenix, and Ryley, Carlock & Ralston, by George Read Carlock, Phoenix, for appellant.

Tom Fulbright, Florence, Powell B. Gillenwater, and Ernest W. McFarland, Phoenix, for appellee.

KRUCKER, Chief Judge.

Appellant herein, Pacific Guano Company, a corporation, was plaintiff below and sued on certain notes and open accounts. Appellee, Pinal County Land Company, a corporation, defendant in the lower court, did not dispute the amount of the claim but counterclaimed for breach of warranty.

The subject matter of the appeal concerns the defendant's counterclaim for damages

to a cotton crop, contending that a herbicide, 2,4–D, had somehow gotten into the insecticides which were purchased from plaintiff and used under plaintiff's directions and recommendations.

The jury returned a verdict in favor of plaintiff on defendant's counterclaim and the trial court granted defendant a new trial. From this order granting the new trial, plaintiff takes this appeal.

The reasons given for granting the motion for new trial were:

1. Misconduct of prevailing party. The defendant was deprived of a fair and impartial trial through the inadvertence and mistakes of the plaintiff's attorney in pursuing questions pertaining to plaintiff's Exhibit 1 in the cross-examination of Troy Colbach and in the direct examination of Joseph W. Kreidle and also in asking questions which pertained to the contents of such exhibit and also by the statements and avowals of counsel in regard to the exhibit.

2. That there is newly discovered evidence which is material, which was not known to the defendant at the time of the trial and which with due or reasonable diligence could not have been discovered and produced at the trial and which is material to the issues of the case and is not merely cumulative nor merely impeaching and which newly discovered evidence will in all probability change the result in the new trial.

3. That the verdict of the jury and the judgment previously entered herein was not justified by the weight and sufficiency of the evidence and is contrary to the law applicable in this case. That justice can only be served by the granting of the motion for new trial.

These reasons form the issues to be decided in this appeal. We will discuss the third issue first. Let us examine the evidence to determine if the order granting a new trial was, in fact, justified. Pacific Guano Company, plaintiff, through its representatives, agreed to furnish all fertilizer and insecticides to the defendant, who was engaged in cotton farming in Pinal County, Arizona. Uncontradicted evidence showed that there was damage to defendant's crop and that the damage was caused by the herbicide 2,4–D.

The ultimate questions which arose from the trial were:

1. Where did the poisonous substance originate?

2. Was it within the materials furnished or sold by plaintiff?

3. Was it in some way dispersed by equipment used by the dusting company?

4. What was the dusting company's relationship to the parties?

Defendant claims that by oral contract the plaintiff was to supervise and take care of the entire job; that it was a "package deal" and that plaintiff would see that the job was done properly. Therefore, defendant claims, the duster's relationship would be of little importance and plaintiff would be liable for any damage due to harmful insecticides. Plaintiff claims that it handled no 2,4–D within the State and that the jury had the right to find that the duster's planes had caused the damage and not the plaintiff's goods.

The authority in Arizona is quite complete as to the trial judge's broad discretion in granting a new trial. Also, our Supreme Court has been quite reluctant in reversing the court's order for a new trial unless there is clear abuse of discretion. Huntsman v. First National Bank (1926) 29 Ariz. 574, 243 P. 598; Young Mines Co., Ltd. v. Citizens' State Bank (1931) 37 Ariz. 521, 296 P. 247; Brownell v. Freedman (1932) 39 Ariz. 385, 6 P.2d 1115; Sadler v. Arizona Flour Mills Co. (1942) 58 Ariz. 486, 121 P.2d 412; Caldwell v. Tremper (1961) 90 Ariz. 241, 367 P.2d 266; Zevon

**36**

v. Tennebaum (1952) 73 Ariz. 281, 240 P. 2d 548; Sanchez v. Stremel (1964) 95 Ariz. 392, 391 P.2d 557.

 There were conflicts in the evidence and we find no abuse of discretion on the part of the trial court. We, therefore, conclude that the trial court did not commit error in granting defendant's motion for a new trial.

■ Concerning the first proposition of law regarding misconduct of the prevailing party's counsel, which deals entirely with evidentiary questions, we see no misconduct. These questions concerning evidence and the presentation thereof can be resolved by the trial court at the time of the new trial. The granting of the new trial also disposes of the question regarding newly discovered evidence.

■ Dealing with plaintiff's assignment of error number 2, we feel that the trial court was correct in setting aside the judgment in favor of the plaintiff on the plaintiff's complaint under the provisions of Rule 54(b) (A.R.S. Vol. 16, page 551) which provides:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all the claims only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. * * *"

■ The principle of set-off or counterclaim did not exist at common law and counterclaim is a creation of statute and the law favors the adjustment of a defendant's demand by counterclaim or set-off in plaintiff's action rather than by independent suit. The counterclaim may be less, equal or in excess of plaintiff's demand and, therefore, plaintiff's judgment should abide the outcome of the trial on the defendant's counterclaim. See 47 Am.Jur. Set-off and Counterclaims, Sections 4, 7, 10 and 105.

■ Where a motion for a new trial has been sustained, the case stands as though there had never been a trial. 66 C.J.S. New Trial § 226, page 580.

■ In the granting of a new trial a party may not take a ground inconsistent with that taken by him at a former trial. 66 C.J.S. New Trial § 230, page 582.

We, therefore, affirm the trial court's decision in granting the new trial.

HATHAWAY and MOLLOY, JJ., concur.