407 P.2d 419

**The STATE of Arizona, Appellee,**

**v.**

**Albert Dale NEIL, Appellant.**

**No. 2 CA–CR 37.**

Court of Appeals of Arizona.

Nov. 9, 1965.

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, Pima County Atty., Tucson, Howard Kashman, Deputy County Atty., for appellee.

Leon Thikoll, Tucson, for appellant.

MOLLOY, Judge.

Albert Dale Neil, the appellant, was convicted, on May 25, 1965, of the crime of forgery. Two previous trials on the same charge ended in mistrials. Neil now appeals from a denial of his motion for a new trial.

Testimony elicited at the hearing on appellant's motion for new trial revealed the following chain of events relied upon as a basis for this appeal.

█ After the jury retired to deliberate, the bailiff was summoned by the jury and asked to obtain from the trial judge a definition of "forgery." The bailiff relayed the

request to the trial judge who orally supplied the definition, which was then repeated by the bailiff to the jury. According to the bailiff's testimony, the definition of forgery which he transmitted to the jury was: "* * * the passing or attempting to pass a forged check. * * *" When queried as to whether anything else was said by him to the jury, the bailiff answered: "Well, no, nothing other than discussion. They sat there and talked, or I sat there with them and they asked questions and I told them that is the answer that I got from the Judge and that the rest was up to them."

Rule 281, Arizona Rules of Criminal Procedure, 17 A.R.S., provides:

"Additional instructions or reading of testimony to jury after retirement; notice

"After the jurors have retired to consider their verdict, if they desire additional instruction upon any point of law arising in the action or to have any testimony about which they are in doubt or disagreement read to them, *they shall upon their request be conducted into the courtroom* by the officer who has them in charge and the court shall give them such additional instruction or shall order such testimony read to them. *Such instruction may be given and such testimony read only after notice to the county attorney and counsel for the defendant.*" (Emphasis added.)

■ The facts of this case manifest a violation of Rule 281. "Additional instruction" was provided in the form of the definition of forgery. The jury was not conducted into the courtroom, nor was notice given to the county attorney or the defendant or his counsel.

The Arizona Supreme Court in State v. Burnetts, 80 Ariz. 208, 295 P.2d 377 (1956), had occasion to consider the question of communications between the trial judge and a deliberating jury. In Burnetts, the judge actually entered the jury room and conversed with jurors, informing them that a certain exhibit had been withdrawn from evidence and that a recommendation of clemency could not be written on a verdict but could be made orally in court as the verdict was rendered. On appeal, a denial of a new trial was reversed, the Supreme Court holding that under these circumstances specific prejudice to the defendant need not be shown.

■ Here, we have actual prejudice, for the instructions given by the bailiff omitted two elements of the crime charged which are contained within the following statutory language:

"* * * *knowing* it to be * * *, forged or counterfeited, with *intent* to prejudice, damage or defraud * * *." (Emphasis added.) A.R.S. § 13–421.

Such an omission if made in open court would be reversible error. 23A C.J.S. Criminal Law § 1193, p. 493; 23 Am.Jur. Forgery § 64, p. 706. That it was made in the privacy of the jury room after the case had been submitted certainly makes it no less so.

A statement from the Burnetts case accurately poses the attitude of this court:

"We realize and know there was no intention on the part of the learned trial judge to in any manner influence the jury. * * * It was an unfortunate occurrence, but we feel that it would establish a dangerous precedent under the admitted facts not to reverse for a new trial." 80 Ariz. 208, 212, 295 P.2d 377, 379–380 (1956)

Judgment of conviction and order denying motion for new trial are reversed with directions to grant appellant a new trial.

KRUCKER, C. J., and HATHAWAY, J., concurring.