419 P.2d 388

**The STATE of Arizona, Appellee,**

v.

**Albert Dale NEIL, Appellant.**

**No. 2 CA–CR 57.**

Court of Appeals of Arizona.
Oct. 20, 1966.

Rehearing Denied Nov. 29, 1966.
Review Granted Dec. 28, 1966.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., William J. Schafer, III, County Atty., of Pima County, Tucson, for appellee.

Leon Thikoll, Tucson, for appellant.

MOLLOY, Judge.

Appellant, Albert Dale Neil, was convicted on May 25, 1965, of two counts of forgery. His convictions were subsequently reversed by this court because of improper communication between the bailiff and the

jury. State v. Neil, 2 Ariz.App. 230, 407 P.2d 419 (1965).

Upon retrial, defendant's attorney learned that the trial assignment had been changed on the morning of trial and that Neil was to be retried before the same judge who had presided at the previous trial. Before the trial started, defendant's attorney moved to transfer the case to another division of the court. The attorney stated he was " * * * filing an oral affidavit of bias and prejudice * * *" and that the reason for his motion was:

"This matter was previously tried before Judge Garrett in Division No. II of the Superior Court. The defendant was convicted and the case was appealed to the Court of Appeals, alleging as error a communication between the bailiff and the jury, the bailiff relating to the jury a definition of the crime, the crime of forgery.

*"For the reason that this was the particular grounds cited as error in the previous trial of this matter,* I feel, the defendant feels that it would be not in his best interests to have the matter retried before the same division of the Superior Court, and therefore we urge that the Assignment Judge of the Superior Court, and Judge Garrett, on his own motion, transfer the case to another division of the Superior Court." (Emphasis added)

The trial judge ruled that because he had received evidence in the prior trial " * * which is to be used and weighed in deciding the ultimate issues * * *" (the trial court was quoting from State v. Quintana, 92 Ariz. 308, 311, 376 P.2d 773, 775 (1962)), there was no peremptory right remaining in the defendant to insist upon a change of trial judge. No question was raised below, nor here, as to the fact that the "affidavit" filed was oral. We accordingly do not consider this as any flaw in the appellant's position.

Change of judge for bias and prejudice in a criminal action is provided for in Rule 196, Arizona Rules of Criminal Procedure, 17 A.R.S. Our Supreme Court has said that the principles involving the disqualification of a judge are " * * * the same whether the case be civil or criminal." Marsin v. Udall, 78 Ariz. 309, 313, 279 P.2d 721, 724 (1955). Referring to the statutes pertaining to disqualification of a judge in a civil action, it has been held:

" '* * * [i]t is not the bias nor prejudice which works his disqualification, but the mere filing of the affidavit in time, even though the judge against whom it is aimed be entirely free from either charge.' "

Stephens v. Stephens, 17 Ariz. 306, 309, 152 P. 164, 165 (1915)

In a criminal action, the *Stephens* decision has been cited by our Supreme Court in support of the statement that the defendant has a " * * * peremptory challenge to the [trial] judge * * *." B. W. L. Sam v. State, 33 Ariz. 383, 402, 265 P. 609, 616 (1928). In view of these decisions, we give weight to civil cases in determining the problem now before us.

The right to disqualify a judge for bias and prejudice is substantive and not one which will be lightly denied. Hordyk v. Farley, 94 Ariz. 189, 382 P.2d 668 (1963). However, running through the decisions in this area of law is the concept that a litigant should not be able to accept a judge initially as satisfactory and then subsequently, during the course of the litigation, seek to disqualify him because the litigant has gained an impression from the rulings of the court that the court's attitude toward his position is unfavorable. Under such circumstances, decisions speak of the litigant's having "waived" his right to a peremptory challenge of the judge. An early decision referring to this type of waiver is the *Stephens* case itself, which indicates that this right of peremptory challenge may be lost " * * * by conduct implying a waiver * * *." 17 Ariz. at 310, 152 P. at 166.

In Allan v. Allan, 21 Ariz. 70, 185 P. 539 (1919), it was held to be "* * * too late * * *" to disqualify a judge after "* * * the trial of the cause had commenced * * *." 21 Ariz. at 73, 185 P. at 540. A careful reading of the *Allan* decision will indicate that the affidavit of bias and prejudice was filed on the day set for trial of a divorce case, before the trial had actually commenced. However, the trial judge had previously heard and denied the wife's petition for temporary alimony. At this prior hearing it had been stipulated "* * * that the testimony of two witnesses be now taken, the same to be read at trial of the cause as depositions." 21 Ariz. at 71, 185 P. at 540. If the trial of the divorce action had "commenced" in *Allan*, it was in a limited sense.

In Arizona Conference Corp. of Seventh Day Adventists v. Barry, 72 Ariz. 74, 231 P.2d 426 (1951), it was held to be "untimely" to file an affidavit of bias and prejudice when the judge has heard and ruled on "* * * a litigated and contested matter." 72 Ariz. at 76, 231 P.2d 426. Our Supreme Court in so holding cited with approval State ex rel. Shufeldt v. Armijo, 39 N.M. 502, 50 P.2d 852, 855 (1935). However, in Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955), this broad language in *Barry* was "* * * expressly disapproved." 78 Ariz. at 314, 279 P.2d 721. In *Marsin* the court adopted the rule that the affidavit is untimely "* * * if a judge is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues * * *." 78 Ariz. at 315, 279 P.2d at 725.

This key language in *Marsin* has two possible meanings. The one possibility would contemplate that the particular trial had actually commenced before the judge to the extent that the court had admitted "in evidence" that which would be weighed in the final outcome of the case. The

other possible meaning is broader. It would include the situation where the trial judge had heard evidence in his official judicial capacity in that same "action," [1] which evidence would be substantially material to the subsequent trial or hearing as to which his disqualification is sought. We believe that the latter is what has been intended by our Supreme Court.

It is to be noted in *Marsin* that the result in *Barry* is expressly approved (78 Ariz. at 314, 279 P.2d 721). In the context at hand, there is a great similarity between the "retrial" situation in *Barry* and that presented here. In *Barry,* the trial judge had presided at a hearing upon an application for a preliminary injunction, and it was sought to disqualify the same judge as to the trial to determine whether a permanent injunction should be granted. In passing upon the request for a preliminary injunction, the trial court had taken a view of the premises involved. In *Marsin* our Supreme Court said:

"The effect of all this was that Judge Barry had partially tried the issue to be ultimately decided."

78 Ariz. at 314–315, 279 P.2d at 725.

This quotation is correct only in the sense of the second possibility suggested above, for the hearing upon a preliminary injunction is not an integral part of the final trial in an injunction suit. We believe the following to be a proper statement of the law:

"Neither the affidavits nor the findings of fact and other proceedings of the judge who heard the application for the interlocutory injunction are proper matters for consideration at the final hearing, unless the parties stipulate that the affidavits filed shall be treated as depositions and that the hearing on the preliminary injunction shall be considered the final hearing." 28 Am.Jur., Injunctions, § 279, p. 793.

---

1. We are using this word in the sense of the California Supreme Court in Pappa v. Superior Court of Los Angeles County, 54 Cal.2d 350, 5 Cal.Rptr. 703, 353 P.2d 311, 313 (1960), which held that insofar as disqualification of judges is concerned, a retrial after a mistrial is in the same "action."

■ The Court of Appeals of New York has expressed what we believe to be good law in Walker Memorial Baptist Church v. Saunders, 285 N.Y. 462, 35 N.E.2d 42, 47 (1941):

"The granting or refusal of a temporary injunction does not constitute the law of the case or an adjudication on the merits, and the issues must be tried to the same extent as though no temporary injunction had been applied for." [2]

■ In a situation involving separate hearings or trials in the same action, we believe *Barry* and *Marsin*, read together, stand for the proposition that when a litigant has permitted, without challenge, a judge to hear evidence in a previous hearing or trial in which one or more of the factual issues were substantially the same as those to be presented in an impending trial or hearing in that same action, that litigant cannot *peremptorily* challenge that judge as to that particular impending trial or hearing.

We believe the reason for this law to be expressed in the decision of State ex rel. Shufeldt v. Armijo, 39 N.M. 502, 50 P.2d 852 (1935):

"We cannot permit a litigant to test the mind of the trial judge like a boy testing the temperature of the water in the pool with his toe, and if found to his liking, decides to take a plunge. The plunge into the pool of litigation with an affidavit disqualifying the trial judge must be made on a belief of prejudice theretofore entertained, and not on any subsequent discovery of such belief of prejudice resulting from an adverse ruling."

50 P.2d at 855

While *Marsin* retreats from the New Mexico position expressed in *Armijo* to a certain extent, we believe that much of the New Mexico reasoning expressed above remains in our law. It is interesting to note that our Supreme Court in Hordyk v. Farley, 94 Ariz. 189, 194, 382 P.2d 668 (1963), cites *Barry*, not *Marsin*, in support of its holding in that case.[3] If the law of New Mexico remains with us, to the extent indicated herein, then the instant case is certainly one in which the litigant has tested the temperature of the judicial water, even to the extent of learning what sentence the judge deems appropriate for this particular offense.

A decision bearing closely upon the question at hand is one of Hendrickson v. Superior Court, 85 Ariz. 10, 330 P.2d

2. We realize that at least one court has taken a contrary view. Lackey v. Sacoolas, 411 Pa. 235, 191 A.2d 395, 397 (1963). *Lackey* holds that the judge trying the case to determine whether a preliminary injunction should be made permanent can consider evidence at the preliminary hearing. We question that this decision can be applicable in a state such as this, where litigants have been held to have a right to an advisory jury in equity actions. Security Trust & Sav. Bank v. McClure, 29 Ariz. 325, 241 P. 515 (1925); Stukey v. Stephens, 37 Ariz. 514, 295 P. 973 (1931). This court knows of no procedure providing a jury on a hearing for a preliminary injunction and though we sympathize with the view of the Pennsylvania court that it is "* * * useless monotony * * *." (191 A.2d at 397) to hear the same evidence over again at the time of the final trial, we cannot conceive that this Pennsylvania practice can be followed in this state, unless the doctrine of the *Security Trust* and *Stukey* decisions be repudiated by our Supreme Court.

For a discussion as to the uncertainty of the origin of this right to an advisory jury in an equity action, whether constitutional or statutory, we refer the reader to Hammontree v. Kenworthy, 1 Ariz. App. 472, 478–479, 404 P.2d 816 (1965).

3. In Hordyk, our Supreme Court said:

"Respondents contend in this Court for the first time that petitioners' conduct itself, aside from the local rule, constituted a waiver of their rights. With this contention we disagree. Petitioners had made no motions prior to the filing of the affidavit and the affidavit was called to the attention of the court before it had made any ruling on any litigated or contested matter in the case. See Arizona Conference Corp. [of Seventh Day Adventists] v. Barry, supra."

94 Ariz. at 194, 382 P.2d at 672.

507, 73 A.L.R.2d 1235 (1958). In this action, the case had been tried but resulted in a mistrial because of the inability of the jury to agree. Prior to the commencement of a new trial, an affidavit was filed against the presiding judge stating that:

" ' * * * because of matters and facts of which affiant was not aware at the start of said trial, affiant states that she has cause to believe and does believe that * * * she cannot obtain a fair and impartial retrial of the issues of said case * * *.' "

85 Ariz. at 12, 330 P.2d at 508

The court in *Hendrickson* states:

"If it be true that since the beginning of the first trial petitioner has discovered facts which would cause her as a reasonable person to honestly believe that respondent cannot or will not impartially retry the case, our view is that the application for change of judge was seasonably made."

85 Ariz. at 12–13, 330 P.2d at 509

Our Supreme Court then proceeded to determine how such an application should be processed. The court held that an affidavit such as this no longer constituted a peremptory challenge but that there should be a factual hearing to determine its verity:

"Of necessity an affidavit such as is herein concerned cannot come under this rule for the reason that its timeliness is dependent upon a subsequent discovery of facts that warrant an honest belief that the judge is biased. Such an affidavit may be challenged and if this be done, the legal sufficiency and timeliness of the affidavit must be determined by the judge presiding or one to whom the matter may be assigned for that purpose. Such determination cannot be made without knowing the claimed after-discovered facts and whether they were subsequently discovered. Consequently,

in the event the validity of the affidavit is questioned by the judge or an opposing party, a hearing should be had and inquiry made and affiant required to disclose the facts relied upon and subsequent discovery thereof. *If the facts are not such as would warrant the affiant as a reasonable person in honestly believing that the questioned judge is biased* or if it appears they were not subsequently discovered, *the application should be denied as a matter of law.*" (Emphasis added)

85 Ariz. at 13, 330 P.2d at 509

Unless there is a critical distinction between a new trial after a mistrial and a new trial after a reversal on appeal, we believe *Hendrickson* to be controlling here. It seems to be implicit in *Hendrickson* that there has been a waiver of the peremptory challenge once the case has been tried to the particular judge and that disqualification thereafter can only be upon a showing of reasonable grounds to believe actual bias.

Though no factual hearing was conducted in this action, the reasons for the oral motion made by the defendant to disqualify the trial judge are clear from the record [4]—the defendant was basing his belief that the judge was biased from the error made in the previous trial, which had resulted in the reversal previously.

■■ Under the *Hendrickson* decision, we believe the question presented is whether this was a sufficient reason so as to give a reasonable person grounds to believe that the questioned judge was biased against the defendant. We do not believe that this conduct of the judge is legally sufficient to show bias. Generally, the fact that a judge has previously presided at a trial of a case and subsequently reversed is not sufficient grounds to disqualify him. 48 C.J.S. Judges § 83d, p. 1070; 30 Am.Jur., Judges, § 184, p. 94; annotation 57 L.Ed. 1003; National Labor Relations Bd. v.

---

4. We note that the pertinent rule of criminal procedure, Rule 197, provides in part: "It [affidavit seeking disqualification] *shall* state the ground on which it is based." (Emphasis added).

Donnelly Garment Co., 330 U.S. 219, 236, 67 S.Ct. 756, 765, 91 L.Ed. 854 (1947).

A 1964 decision of the Colorado Supreme Court, Watson v. People, 155 Colo. 357, 394 P.2d 737, applies this general law in a situation complicated by the fact that since the reversal of the decision reached in the first trial, the trial judge had been civilly sued by the party seeking his disqualification on the theory that the judge had conspired to deprive the defendant of a fair trial in this previous trial. The complaint in the civil action charged, among other things, that the judge had wrongfully admitted evidence against the defendant in the first criminal trial. The admission of evidence of other crimes had been the cause of the reversal in this first trial. Kostal and Watson v. People, 144 Colo. 505, 357 P.2d 70 (1960). Though this case was pending at the time of the filing of the affidavit against the judge, the court held that there was not a sufficient showing of bias or prejudice on the part of the trial judge.

■ We do not need to go so far as this *Watson* decision in order to affirm here. The prior trial may demonstrate a misconception of proper trial practice in the particular setting on the part of the trial judge, but in our view it provides no reasonable evidence of animosity or bias against this particular defendant on the part of this judge. It is well established in federal courts that rulings of a court can be no basis for a charge of bias and prejudice. Ferrari v. United States, 169 F.2d 353 (9th Cir. 1948). In State v. Mills, 91 Ariz. 206, 370 P.2d 946 (1962), our

Supreme Court quoted with approval from 30A Am.Jur., Judges, § 171, at p. 88:

"For it is generally held that 'bias or prejudice does not refer to any views a judge may entertain toward the subject matter involved in the case.'"

91 Ariz. at 209, 370 P.2d at 948

■ There is no contention made on appeal that the trial judge in any way during the trial of this action demonstrated any bias or prejudice toward the defendant. No ruling of the trial judge is made the subject of an assignment of error. It is our belief that if the presiding judge had had any doubt about his ability to provide a completely fair and impartial trial to the defendant he would have disqualified himself, as it would have been his duty to do. State v. McGee, 91 Ariz. 101, 105, 370 P.2d 261 (1962).

Though not called to our attention in the appellant's brief, we should point out that Rule 314, Arizona Rules of Criminal Procedure, 17 A.R.S., reads in part:

"[w]hen a new trial is granted, the new trial shall proceed in all respects as if no former trial had been had."

At first blush, this rule might be considered to have direct bearing upon the question before us. However, we believe that this rule was intended to cover the rules of practice and procedure which would be followed in the retrial of an action, and that it was not intended to reinstate the peremptory challenge of a litigant as to a trial judge. Historically, this provision of our rules and previously of our statutes [5] has always been in a separate area from the provisions pertaining to disqualification of judges.[6] We believe the subject rule

---

5. Rule 314, Arizona Rules of Criminal Procedure, 17 A.R.S., originated with the Penal Code of 1901, §§ 984, 986; and was carried through the Penal Code of 1913, §§ 1102, 1103; the Revised Code of 1928, § 5095; the Revised Code of 1939, Rules of Criminal Procedure, § 361, and § 44-2008.

6. A.R.S. § 12–409 (the civil rule) comes from the Revised Statutes of 1913, § 500;

the Revised Code of 1928, § 3721; the Revised Code of 1939, § 21–107. Rule 196, Arizona Rules of Criminal Procedure, 17 A.R.S., originated in the Penal Code of 1901, § 888; was modified in the Penal Code of 1913, § 999; it was carried through the Revised Code of 1928 in § 5022; the Revised Code of 1939, § 44–1201.

has equal application to a retrial after a mistrial, and therefore the decision of Hendrickson v. Superior Court, supra, is not rendered inapplicable because of the quoted rule.[7]

The Supreme Court of New Mexico, with an almost identical statute,[8] and in passing upon the identical question now before us, held that the peremptory challenge had been lost at the time of the prior trial. State v. Nelson, 65 N.M. 403, 338 P.2d 301 (1959).

The judgment of the trial court is affirmed.

KRUCKER, C. J., concurs.

HATHAWAY, Judge (dissenting):

An excursion into the case law of other states is really unnecessary. Arizona has adopted the rule that an affidavit of disqualification is timely, unless evidence has been received "which of necessity is to be used and weighed in deciding the ultimate issues." Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955). A simple application of that rule requires that this case be reversed and remanded for a new trial.

The case had been remanded and scheduled for a new trial. On the morning of trial, defense counsel learned that the judge scheduled to preside at the new trial had been taken off and the case had been reassigned to the judge who had presided at the previous trial. At that time defense counsel attempted to disqualify the trial judge.

No evidence had been received. Indeed, the trial had not begun. Certainly the evidence which had been received in the previous trial would not of necessity be used and weighed in deciding the ultimate issues. The new trial must stand or fall on its own. It proceeds in all respects as if there had been no former trial. 17 A.R.S. Rules of Criminal Procedure, Rule 314; Pacific Guano Company v. Pinal County Land Company, 1 Ariz.App. 34, 399 P.2d 122 (1965).

Rule 198 of the Rules of Criminal Procedure provides that "[n]either the state nor any defendant in the same *action* may make more than one application for change of judge." (emphasis supplied) If a peremptory disqualification is limited to the first trial, why does the rule restrict the number of disqualifications to the broader unit "action"? I agree with the majority's construction of Pappa v. Superior Court of Los Angeles County, 54 Cal.2d 350, 5 Cal.Rptr. 703, 353 P.2d 311 (1960), as to a retrial being the same "action."[1]

The New Mexico rule adopted by my colleagues, that "an affidavit disqualifying the trial judge must be made on a belief of prejudice theretofore entertained, and not on any subsequent discovery of such belief of prejudice resulting from an adverse ruling" is discordant with the Arizona view of peremptory disqualification. I have no

---

7. We are fortified in our conclusion that this rule pertaining to the conduct of a new trial does not have bearing upon the matter of disqualification of judges by State v. Carter, 1 Ariz.App. 57, 399 P.2d 191 (1965), which holds that the peremptory challenge to a judge, taken at the time of the first trial, exhausts the challenge, even though the first trial ends in a mistrial and a new judge is assigned to the second trial. If a new trial after mistrial is to " * * * proceed in all respects as if no former trial had been had," and if this Rule 314 has bearing upon the rules pertaining to disqualification of judges, then *Carter* would arrive at a different result.

8. Section 41-15-7, New Mexico Statutes Annotated, 1953 compilation, states:
   "The district court to which any criminal cause shall be remanded for new trial shall proceed thereon in same manner as if said cause had not been theretofore tried."

1. In *Pappa*, a motion for disqualification was denied since the movant's co-defendant had already exhausted the single peremptory disqualification *per side* allowed under the California statute.
   In a co-defendant situation like *Pappa*, it is possible that application of our Rule 198 would require a different result since the limitation of one application per action is as to the state or *any* defendant.

doubt that had the trial judge felt biased or prejudiced in the least, he would have disqualified himself. "It is not the bias and prejudice which works his disqualification, but the mere filing of the affidavit in time, even though the judge against whom it is aimed be entirely free from either." Hordyk v. Farley, 94 Ariz. 189, 382 P.2d 668 (1963).[2]

Though the loss of judicial time and effort which would be required by a new trial is regrettable, I believe the judgment should be reversed and the cause remanded for a new trial.

2. For a discussion on the right of litigants not to have their case adjudicated repeatedly before the same judge, see 3 Howard Law Journal 228 (1957).