424 P.2d 203

Philip **BAGWELL** and Jessie A. Bagwell, his wife, Petitioners,

v.

Anthony T. **DEDDENS**, Judge of the Superior Court of the State of Arizona, in and for Cochise County, Division I, and John E. Lewis and Nancy C. Lewis, his wife, Respondents.

No. 2 CA–CIV 330.

Court of Appeals of Arizona.

Feb. 24, 1967.

Rehearing Denied March 22, 1967.

Review Denied May 3, 1967.

Gentry, McNulty & Toci, by Philip E. Toci, Bisbee, for petitioners.

Moore, Vlahovich & Greenwood, by Daniel E. Moore, Bisbee, for respondents.

KRUCKER, Judge.

Pursuant to petition filed by petitioners, this Court, on November 16, 1966, issued an alternative writ of prohibition and mandamus. Additional memoranda were filed, and the petition was again argued before this Court and taken under advisement.

Briefly, the facts are: John E. Lewis and Nancy C. Lewis, his wife, respondents, were plaintiffs in Case Number 22728, Superior Court of Cochise County, Arizona; petitioners, Philip Bagwell and Jessie A. Bagwell, his wife, were defendants. The

original action was (1) for the imposition of a restraining order pending the outcome of litigation; (2) to require the sale of cattle which were alleged to be a partnership asset; (3) to determine the terms of a partnership agreement or venture, the amount of contributions and expenditures made by the partners, and the reasonable value of services rendered by the defendants to the plaintiffs individually; (4) for a partnership accounting; and (5) for damages, if any.

Pursuant to a temporary restraining order and an order to show cause issued on May 18, 1965, a hearing was held on September 23, 1965. Both parties agreed that the restraining order would be taken out of issue, and the hearing dealt only with the question of *how* the cattle were to be sold. After a hearing, the court entered an order, which was approved by all parties, specifying the terms and conditions of the sale of the livestock. The principal issues of the case remained, with the manner of the sale of these cattle taken out of issue by the order.

On December 13, 1965, attorneys for the defendants filed a motion and affidavit of disqualification of the respondent judge. Objections to this were duly filed, arguments heard, and on January 24, 1966, the motion for disqualification of the respondent judge was taken under advisement. On October 13, 1966, the respondent judge denied the application for change of judge.

The question before this Court is whether or not the alternative writ of prohibition and mandamus should be made peremptory.

■ In deciding this question, we must decide if the respondent judge took any evidence on the ultimate issues to be decided in the litigation. From a careful reading of the entire transcript, we must conclude that in the hearing of September 23, 1965, the only issue before the court—and thus the only issue to be decided—was how, when and under what conditions the cattle

should be sold. We quote portions of the transcript as follows:

"THE COURT: Then may we have the record show that the parties stipulate that they are agreed at this time that the cattle should be sold and that the issue to be determined by the Court at this hearing is the manner in which the sale shall be conducted or take place and, therefore, the parties are directed to confine their testimony to this point?

"Do both counsel think—Do both counsel think that's a fair statement?

\*  \*  \*  \*  \*  \*

"THE COURT: Let's try to confine ourselves to these narrow issues and see what we can arrive at."

■ Under many Arizona holdings, including Arizona Conference Corp. of Seventh Day Adventists v. Barry, 72 Ariz. 74, 231 P.2d 426 (1951), and Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955), this Court must decide if such an affidavit of disqualification of the respondent judge should be honored and the writ made peremptory. This Court has dealt with this question previously in State v. Neil, 4 Ariz.App. 258, 419 P.2d 388 (1966), which case is now on review before the Supreme Court of Arizona.

■ In the response to petition for special writ, and in oral arguments before the Court, the respondent has failed to point out any testimony taken at the hearing on September 23, 1965, which will have a substantial bearing upon the outcome of the principal issues remaining to be tried.

It is, therefore, ordered that the alternative writ of prohibition and mandamus heretofore entered be made peremptory and that the case be transferred "to the most convenient county, or judge, to which the objections of the parties do not apply or are least applicable". See A.R.S. § 12–411, subsec. B.

HATHAWAY, C. J., and MOLLOY, J., concur.